# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
May 13, 2015 Session

## STATE OF TENNESSEE v. JEREMY S. MOORE

**Appeal from the Circuit Court for Dickson County**
**Nos. 2011-CR-125B, 2014-CR-7     David Wolfe, Judge**

---

**No. M2014-02181-CCA-R3-CD – Filed June 25, 2015**

---

The Defendant, Jeremy S. Moore, appeals the Dickson County Circuit Court's order revoking his probation for his convictions for two counts of aggravated burglary and theft of property valued at $1000 or more but less than $10,000 and ordering him to serve the remainder of his effective six-year sentence in confinement. The Defendant contends that the trial court abused its discretion by revoking his probation. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT L. HOLLOWAY, JR., JJ., joined.

Olin J. Baker, Charlotte, Tennessee, for the appellant, Jeremy S. Moore.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; Wendall Ray Crouch, Jr., District Attorney General; and Billy Henry Miller, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On October 12, 2011, the Defendant pleaded guilty in case number 2011-CR-125B to aggravated burglary and was sentenced to three years' probation. On December 10, 2013, a probation violation report was filed, alleging that the Defendant was arrested for multiple counts of aggravated burglary and theft, that the Defendant failed to report his arrest to his probation officer, that the probation officer had been unable to locate the Defendant at his reported address, that the Defendant had not made any payments toward court costs, fees, and restitution since February 14, 2013, and that the Defendant failed to comply with the trial court's ordering him to complete "PSW hours." The probation violation allegations remained pending until July 17, 2014.

On July 17, 2014, the Defendant pleaded guilty in case number 2014-CR-7 to aggravated burglary and to theft of property valued at $1000 or more but less than $10,000 and was sentenced to three years' probation for the burglary and to two years' probation for the theft. The trial court ordered the three-year sentence be served consecutively to the previously imposed three-year sentence in case number 2011-CR-125B, for an effective six-year sentence. Also on July 17, the Defendant waived a probation revocation hearing and admitted to the violation allegations in case number 2011-CR-125B. The court returned the Defendant to probation in case number 2011-CR-125B and ordered the Defendant to complete the drug court program as a condition of his probation in both cases. The probation order in case number 2014-CR-7 states that the Defendant "must complete . . . drug court, if not serve sentence." The order in case number 2011-CR-125B states, "If he completes the [drug court] program, he can finish his sentence on probation. If he drops out, he is to serve his sentence."

On September 5, 2014, a probation violation report related to both cases was filed with the trial court, alleging the Defendant's participation in the drug court program was terminated on September 4, 2014.

At the revocation hearing, Probation Officer Terri Monsue testified that she supervised defendants who participated in the drug court program. She said that although the Defendant was ordered to complete the program, he left the program without permission. She also said the Defendant was caught stealing from other drug court participants. She said that as a result of the Defendant's conduct, his participation in the program was terminated.

On cross-examination, Officer Monsue testified that she attended the meeting with the drug court team during which the Defendant's participation in the program was terminated, although the Defendant was not present at the meeting. She said that the Defendant did not report to the program on September 3 and that his participation was terminated on the same day. She did not speak to the Defendant about his absence. She learned of the Defendant's absence from drug court personnel. She agreed the Defendant's participation was not terminated face-to-face.

Upon examination by the trial court, Officer Monsue testified that each participant in the drug court program was provided a book of rules. She said that every participant knew attendance at each meeting was required and that each participant was advised of the consequences for failure to attend. She said the Defendant last reported to the drug court program on August 22, 2014. She acknowledged she had not spoken with the Defendant about his absences.

On further cross-examination, Officer Monsue testified that although she did not advise the Defendant of the drug court program rules, she was present when the drug court judge asked the first-time participants whether they received the drug court rule book, read the rules, and understood the rules. She was present on August 13, 2014, when the Defendant first attended drug court and said she witnessed the judge ask those questions.

Doug Beecham, director-coordinator for the drug court program, testified that he spoke to the Defendant about the alleged theft of cigarettes from another program participant and that the Defendant admitted stealing the cigarettes. He said the drug court team voted to terminate the Defendant's participation in the program.

On cross-examination, Mr. Beecham testified that the Defendant was not afforded an opportunity to present evidence at the termination meeting. He said, though, the Defendant spoke to him before the meeting. The team did not know the final punishment before the meeting, and Mr. Beecham said termination was a team decision. He said that the Defendant's participation was terminated by the drug court judge and that the Defendant was arrested, although he did not recall the date. He thought Officer Monsue might have confused the Defendant's case with another defendant when she testified that the Defendant's participation was terminated on September 3, 2014. He agreed the Defendant attended drug court on September 3. Mr. Beecham agreed Officer Monsue's testimony was based on hearsay but said his own testimony was not based on hearsay.

Upon examination by the trial court, Mr. Beecham testified that the basis for terminating the Defendant's participation was his stealing from another participant and smoking in the drug court house. On further cross-examination, he stated that the Defendant was advised of the drug court rules and that all participants were required to read the rule book. He said the Defendant was aware stealing was prohibited. Mr. Beecham said smoking inside the drug court house was expressly prohibited. He did not recall whether he told the Defendant a video camera recorded the cigarette theft.

Mr. Beecham testified that the drug court team did not provide notice regarding termination and that the decision was made in the back room before a defendant went before the drug court judge. He said the Defendant was told that he could talk to Mr. Beecham before the meeting.

The Defendant testified that he was a drug court participant for about one month before his participation was terminated. He admitted he smoked cigarettes. Relative to the theft, he stated that the house manager, Ryan Corley, told him a video recording showed he had stolen cigarettes. He knew he had not stolen anything but said he "was bullied into pretty much admitting that [he] did." The Defendant said he was told that if he did not admit to stealing, he "could get terminated."

-3-

The Defendant testified that "they" continued talking about the theft and that they accused him of smoking inside the drug court house, which he denied. He said he followed the drug court rules to the best of his ability. He was provided a copy of the drug court rules and admitted he read them. He said he reported to drug court weekly and did not miss any scheduled meetings. His participation was terminated by the judge.

Upon examination by the trial court, the Defendant testified that he entered the drug court program to obtain his driver's license. He said nobody forced him to enter the program. He admitted the trial court had found he violated his probation previously. The Defendant said he wanted his license returned when the court asked him if he was given the choice of serving his sentence in confinement or entering the drug court program. The Defendant agreed he reviewed the drug court rules. He also agreed that on July 17, 2014, the court told him that if he completed the drug court program, he would serve his sentence on probation and that if he failed to complete the program, he would serve his sentence in confinement. He said that he had been accepted into a program at Synergy for an unrelated case.

The trial court clarified that the record reflected that the first unresolved probation violation remained pending until the Defendant completed the drug court program. The court found that although the Defendant asserted the termination was unfair and violated due process, the Defendant waived certain rights when he entered the drug court program voluntarily. The court found that by voluntarily entering the program, the Defendant accepted the rules and conditions of drug court. The trial court credited Mr. Beecham's testimony that the Defendant's participation was terminated for theft and smoking inside the drug court house. The court found that the Defendant had not completed the program successfully and that the Defendant failed to complete the July 17, 2014 agreement. The court found that pursuant to the previous court order, if the Defendant failed to complete the program, the Defendant would serve his sentence in confinement. The court found that the Defendant violated the conditions of his probation and ordered him to serve the remainder of his sentence in confinement. This appeal followed.

The Defendant contends that the trial court erred by finding that he violated the conditions of his probation. He argues that the weight of the evidence does not support the revocation. He asserts his testimony at the revocation hearing supports his contention because he testified that he did not fail to attend the drug court program, that he did not smoke a cigarette in the drug court house, and that he did not steal from another participant in the program. The State responds that the evidence supports the trial court's revoking the Defendant's probation and ordering him to serve the remainder of his sentence. We agree with the State.

-4-

Our supreme court has concluded that a trial court's decision to revoke a defendant's probation "will not be disturbed on appeal unless . . . there has been an abuse of discretion." *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991) (citing *State v. Williamson*, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981)). An abuse of discretion has been established when the "record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); *see State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978). When a trial court finds by a preponderance of the evidence that a defendant has violated the conditions of probation, the court "shall have the right . . . to revoke the probation." T.C.A. § 40-35-311(e)(1) (2014). After revoking a defendant's probation, the trial court may return a defendant to probation with modified conditions as necessary, extend the period of probation by no more than two years, order a period of confinement, or order the defendant's sentence into execution as originally entered. T.C.A. §§ 40-35-308(a), (c), -310 (2014). "In probation revocation hearings, the credibility of witnesses is for the determination of the trial judge." *Carver v. State*, 570 S.W.2d 872, 875 (Tenn. Crim. App. 1978) (citing *Bledsoe v. State*, 378 S.W.2d 811, 814 (Tenn. 1965)).

The record reflects that successful completion of the drug court program was a condition of the Defendant's probation in case numbers 2011-CR-125B and 2014-CR-7. The trial court credited Mr. Beecham's testimony that the Defendant violated the rules of the drug court program. Mr. Beecham testified that the Defendant admitted stealing another participant's cigarettes and that the Defendant smoked a cigarette in the drug court house after being advised of the rule prohibiting smoking inside the building. The basis for terminating the Defendant's participation in the program was the theft and his smoking inside the building. We note the Defendant's convictions for which he was permitted to serve his sentences on probation were theft-related. We conclude that the record supports the court's finding that the Defendant violated the conditions of his probation. Once the court properly revoked the Defendant's probation, it had the authority to order the Defendant to serve the remainder of his sentence in confinement. *See* T.C.A. §§ 40-35-308(a), (c), -310. The Defendant is not entitled to relief.

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
ROBERT H. MONTGOMERY, JR., JUDGE