## Commonwealth v. Euster.

(Decided January 27, 1931.)

J. W. CAMMACK, Attorney General; JAS. M. GILBERT, Assistant Attorney General, and D. M. BINGHAM and H. L. BRYANT for appellant.

N. R. PATTERSON and WALTER B. SMITH for appellee.

Opinion of the Court by Judge Clay—Affirming.

This penal action was brought by the county attorney of Bell in the name of the commonwealth against Max Euster, to recover fines aggregating the sum of $3,600 for alleged violation of section 1321, Kentucky Statutes, providing that, with certain exceptions, no work or business shall be done on the Sabbath Day. The defendant moved the court to strike the case from the record on the ground that the petition was not filed or signed by the commonwealth's attorney, and on the further ground that it was not supported by the oath or averment of any person who stated that he knew that the offense had been actually committed. On the hearing of the motion, the commonwealth's attorney appeared and himself entered a motion to dismiss the case on the ground that the county attorney had not consulted him concerning the filing of the petition, and had not procured from him authority to file same, and that he felt that his authority was being usurped. Thereupon the court being of the opinion that, as between the county and commonwealth's attorney, the commonwealth's attorney was superior in authority, sustained the motion of the commonwealth's attorney to dismiss the case. At the same time he sustained defendant's motion to dismiss the case for lack of supporting affidavit. The commonwealth by the county attorney then excepted and prayed an appeal to the Court of Appeals, which was

granted over the objection of the commonwealth's attorney.

In view of the conclusion of the court, the only question we need determine is whether the motion of the commonwealth's attorney to dismiss the case was properly sustained. Section 118, Kentucky Statutes, describing the duties of the commonwealth's attorney, is as follows:

"It shall be the duty of the Commonwealth's attorney to attend each circuit court holden in his district, and prosecute all violations of the criminal and penal laws therein, and discharge all other duties assigned him by law; and he shall also, except in Franklin county, attend to all civil cases and proceedings in the circuit courts of his district in which the Commonwealth is interested; but in civil cases the governor may employ counsel to assist the Commonwealth's attorney, the fees of such counsel to be paid out of the state treasury upon a voucher signed by the governor."

Sections 127, 133 and 135, relating to the duties, office, and power of the county attorney, are as follows:

"127. He shall attend to the prosecution of all cases in his county in which the Commonwealth or the county is interested; and, when so directed by the county or fiscal court, institute or defend, and conduct actions, motions and proceedings of every description, before any of the courts of this Commonwealth in which the county is interested, and shall in no instance take a fee or act as counsel in any case in opposition to the interests of the county. He shall also attend the circuit courts held in his county, and aid the Commonwealth's attorney in all prosecutions therein, and in the absence of an acting Commonwealth's attorney, he shall attend to all Commonwealth's business in said courts."

"133. In all prosecutions before any police (county) judge (or other magistrate), when the county attorney is present and prosecutes the offender, he shall receive from the state treasurer thirty per cent. of all judgments for fines and forfeitures rendered in favor of the commonwealth, and this shall be in lieu of all taxed fees and perquisites, except that when the judgment is for less than ten dollars, a fee of five dollars shall be taxed

as costs and belong to him. In all prosecutions in the circuit court, when the county attorney is present and assists in the prosecution, he shall receive from the state treasurer twenty-five per cent. of all judgments for fines and forfeitures rendered in favor of the commonwealth, and this shall be in lieu of all taxed fees and perquisites, except that when the judgment is for less than twenty-five dollars, a fee of five dollars shall be taxed as costs and belong to him."

"135. The county attorney shall not dismiss or otherwise control any prosecution or proceeding in the circuit court, when the Commonwealth's attorney, or the attorney appointed in his place, is present, except by the advice and with the consent of such attorney."

In view of the words, "he shall also attend the circuit court holden in his county," etc., it is apparent, we think, that the duty of the county attorney to attend the prosecution of all cases in his county prescribed in the first sentence of section 127 is confined to the inferior courts of that county. It is equally clear that the duty of the county attorney, when so directed by the county or fiscal court to institute or defend and conduct actions, motions, and proceedings of other description before any of the courts of the commonwealth, is confined to cases "in which the county is interested," and does not include a penal action by the commonwealth to recover a fine, since no part of the fine goes to the county. Therefore his duty, so far as the circuit court is concerned, is to attend and aid the commonwealth's attorney in all the prosecutions therein, and, in the absence of an acting commonwealth's attorney, to attend to all the commonwealth's business in that court. The limited power of the county attorney is made further apparent by section 135, Kentucky Statutes, supra, providing that the county attorney shall not dismiss or otherwise control any prosecution or proceeding in the circuit court when the commonwealth's attorney, or the attorney appointed in his place, is present, except by the advice and with the consent of such attorney. On the other hand, section 118, Kentucky Statutes, supra, makes it the duty of the commonwealth's attorney to attend each circuit court held in his district, and prosecute all violations of the criminal and penal laws therein.

166

In view of these provisions it is clear that the commonwealth's attorney is the chief prosecutor in the circuit court, and that the county attorney is merely his aid. In other words, the commonwealth's attorney is the superior, and the county attorney the inferior, officer. Manifestly, the power of control must rest in one or the other where both are present. Equal authority would often lead to intolerable conditions. Cases would arise where the county attorney might insist on an immediate trial, or continuance, or change of venue, or the admission or exclusion of certain evidence, in opposition to the wishes of the commonwealth's attorney. It therefore has long been the settled rule that, where both are present, the power of control is in the commonwealth's attorney. James v. Helm, 129 Ky. 323, 111 S. W. 335, 33 Ky. Law Rep. 871. With respect to penal actions, the situation is all the stronger. The power to determine whether such an action shall be brought is vested in the commonwealth's attorney, and, though it be true that the county attorney may institute the proceeding by the direction or with the approval of the commonwealth's attorney, we are constrained to the view that he cannot do so in opposition to the wishes of the commonwealth's attorney. If it be said that this may leave society at the mercy of an unfaithful prosecuting attorney, the answer is that the power of control has been given him by statute, and for any neglect of duty not only is he answerable to the people, but may be proceeded against in the manner provided by law.

It being admitted that this action was instituted and was being prosecuted by the county attorney, not only without the direction or approval of the commonwealth's attorney, but in opposition to his wishes formally declared in open court, it follows that the trial court did not abuse a sound discretion in sustaining the motion to dismiss the action.

Judgment affirmed.