**COMMONWEALTH of Kentucky ex rel. John B. BRECKINRIDGE, Attorney General, Appellant,**

v.

**The MONROE COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

May 8, 1964.

John B. Breckinridge, Atty. Gen., Robert L. Montague, III, Asst. Atty. Gen., Frankfort, for appellant.

Charles E. Lester, Lester & Riedinger, Newport, for appellees.

STEWART, Judge.

This is an appeal from an order of the Campbell Circuit Court, dismissing appellant's complaint and amended complaint whereby appellees' property was sought to be escheated.

The attorney general, in his capacity as chief law officer of the Commonwealth, filed his complaint on November 28, 1961, alleging in substance that the Monroe Company, a Delaware corporation, received title to certain property in Campbell County by deed dated April 15, 1950, from the Rendezvous Company, which latter company was dissolved on April 19, 1950; that the Monroe Company was never authorized to do business in Kentucky because of its failure to comply with KRS 271.055(3) and 271.385(2); that such lack of authorization voided the Monroe Company's title to the property and left it in the Rendezvous Company; that the effect of the dissolution of the Rendezvous Company was to render it nonexistent and, in consequence, to cause its property to be forfeited to the state. See KRS 393.020. The holders of a mortgage on the property, Harry Dennert and William J. Beckmeyer, also were named as parties defendant.

The complaint asked that the court bestow title to the property in the state, that the Monroe Company be permanently enjoined from engaging further in any business activity in this state until it had legally qualified to do so, and that the relator have all other and proper relief.

Appellees filed a motion to dismiss on December 12, 1961, on the grounds that (1) the commissioner of revenue, and not the attorney general, was the proper party to institute an action to escheat the property involved; and that (2) the complaint did not state facts sufficient to support or constitute a cause of action.

On December 22, 1961, appellant filed a response to the motion to dismiss, and also an amended complaint. The latter pleading noted that on December 21, 1961, the Monroe Company complied with KRS 271.055(3) and KRS 271.385(2); reiterated the allegations made in the original complaint; and further alleged that, having done business in this state while prohibited from so doing, the Monroe Company, and each of its officers, "are subject to the penalties provided for in KRS 271.990 and should be made parties defendant for the pur-

pose of requiring them to show why they should not be so penalized."

The prayer of the complaint asked that the officers of the company be made parties defendant; that the title to the property be vested in the state; and that the Monroe Company and each of its three officers be penalized $1000 for doing business in Kentucky in violation of the two foregoing statutory provisions.

The trial court dismissed the complaint and amended complaint, finding:

(1) The legal proceeding to enforce forfeiture of or to escheat appellees' property to the state, as shown by KRS 393.180, should have been instituted on relation of the commissioner of revenue by the county attorney of Campbell County.

(2) Since it appears from the amended complaint that the Monroe Company is now qualified to do business in the state, the prayer in the original complaint for an injunction has become moot.

(3) Under KRS 69.010 and the holding in Commonwealth v. Euster, 237 Ky. 162, 35 S.W.2d 1, the Commonwealth's attorney, not appellant, is the proper party to invoke the penalty provisions set out in KRS 271.990 against the Monroe Company and its officers.

The finding of the trial court was in line with the argument presented by appellees in circuit court and is their argument on this appeal.

Appellant takes the position that this is not an escheat proceeding and therefore the commissioner of revenue is not the proper party to prosecute it. Rather it is a suit brought by him as chief law officer of the Commonwealth to test the power of the Monroe Company to hold real property in Kentucky and to exact appropriate penalties under KRS 271.990 for its omission to qualify to do business, as required by law. The allegation as to escheat, appellant contends, was merely inserted to show one possible outcome of the suit but is not its primary object.

KRS 271.055(3) requires a foreign corporation, but not a foreign insurance company, in order to do business in this state, to file a certified copy of its articles of incorporation, together with all existing and subsequent amendments, in the office of the secretary of state; and KRS 271.-385(2) provides that a foreign corporation, but not a foreign insurance company, carrying on business in this state, shall also at all times have an office in this state and an authorized agent upon whom process can be served, the location of the first and the name and address of the second to be designated on a statement filed with the secretary of state.

A foreign corporation, or any of its officers, directors or agents who knowingly participate in the act, "for each offense" may be fined from $100 to $1000 for failing to conform to the above two subsections. See KRS 271.990. Formerly, a foreign corporation which had not complied with these two provisions could not enforce the terms and conditions of any contract executed in this state in the course of its business. See Oliver Co. v. Louisville Realty Co., 156 Ky. 628, 161 S.W. 570, 51 L.R.A.,N.S., 293, and Fruin-Colnon Contracting Co. v. Chatterson, 146 Ky. 504, 143 S.W. 6, 40 L.R.A.,N.S., 857. However, in Williams v. Dearborn Truck Co., 218 Ky. 271, 271 S.W. 388, decided February 15, 1927, it was held that Kentucky statutes which were, before that date, construed to render the contracts of noncomplying corporations void would not be so interpreted thereafter.

We know of no case, nor have we been cited any, which holds that the failure or refusal of a foreign corporation to meet the requirements of KRS 271.055(3) or KRS 271.385(2), subjects that corporation's property to forfeiture or escheat. It appears to us the extent of the punishment that may be imposed upon such a corporation, for a violation of these provisions, is to exact the penalties provided by KRS 271.990.

Appellant in its complaint sought to escheat appellees' property under KRS 393.-020, which reads:

"If any property having a situs in this state has been devised or bequeathed to any person and is not claimed by that person or by his heirs, distributees or devisees within eight years after the death of the testator, or if the owner of any property having a situs in this state dies without heirs or distributees entitled to it and without disposing of it by will, it shall vest in the state, subject to all legal and equitable demands.   Also, any property abandoned by the owner, except a perfect title to a corporeal hereditament, shall vest in the state, subject to all legal and equitable demands.   Any property that vests in the state under this section shall be liquidated, and the proceeds, less costs, fees and expenses incidental to all legal proceedings of the liquidation shall be paid to the department." ("Department" means the department of revenue.)

Appellant's theory is that, as the Monroe Company had not qualified to carry on business in this state, the title to any property undertaken to be conveyed to it did not legally vest; and that, since the Rendezvous Company was dissolved four days after it attempted to transfer the property to the Monroe Company, the Rendezvous Company ceased to exist in Kentucky or elsewhere as a corporate entity, with the result that the real estate it held in this state no longer had a legal owner.   Also, appellant, claiming KRS 393.020 applies to a corporation as well as a natural person, argues that the property of the Monroe Company should be considered abandoned, because it has become devoid of ownership, and that the title to it should be adjudged to escheat to the Commonwealth, as provided by KRS 393.020.   We need not pass upon this contention, however, as we are of the opinion

this case should be disposed of on other grounds.

■ KRS 393.180 provides that an action to recover any sum due the state under KRS 393.020 shall be instituted on the relation of the commissioner of revenue, by the county attorney of the county in which such property is located, after the approval by the commissioner "of the petition and the necessary pleadings."

However, relying upon KRS 271.590, appellant contends that, in essence, the object of this suit is the revocation of the Monroe Company's corporate powers.   We do not agree.   The allegations embracing the relief sought are substantially a *haec verba* reiteration of KRS 393.020.   Then, too, the prayers of the complaint and of the amended complaint indicate beyond any doubt that it is an action to escheat appellees' real estate.

We therefore conclude the attorney general was not the proper party to file this suit.

■ As an adjunct to the suit's primary purpose, namely, to escheat appellees' property, appellant is also attempting to invoke the penalties provided for in KRS 271.990.   Such a proceeding to recover the fines under the statute is penal, rather than criminal, in nature, so that no indictment is required and the case is practiced under the civil rules.   However, it appears to have been settled in Commonwealth v. Grand Central Building & Loan Ass'n, 97 Ky. 325, 30 S.W. 626, which was another case where the attorney general undertook to recover the same penalties against a corporation located in Campbell County that this officer was not the proper party to conduct a penal prosecution of this kind; but that such was the duty and responsibility of the Commonwealth's attorney of the Campbell Circuit Court.   See also Commonwealth v. Euster, 237 Ky. 162, 35 S.W.2d 1.

Wherefore, the judgment is affirmed.