IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 18, 2014

**STATE OF TENNESSEE v. JASON BRADEN**

**Appeal from the Circuit Court for Blount County**
**No. C-19218     David Reed Duggan, Judge**

_____

**No. E2014-00572-CCA-R3-CD - Filed December 8, 2014**

_____

Defendant, Jason Braden, pled guilty to aggravated burglary, false imprisonment, and assault in Blount County in May of 2011. In exchange for the guilty plea, Defendant received a five-year sentence to be served on supervised probation. In October of 2011, a warrant was filed alleging a probation violation. Simultaneously, Defendant was in state custody, facing a new charge and probation violation in Anderson County. The revocation hearing in Blount County did not take place until March 2014. After hearing the evidence, the trial court found a material violation and ordered Defendant to serve the balance of his sentence in confinement. Defendant appeals. After a review, we determine that the trial court did not abuse its discretion in ordering Defendant to serve the balance of his sentence.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed.**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Mack Garner, District Public Defender; Maryville, Tennessee and Billy Sams, Oak Ridge, Tennessee (at trial); J. Liddell Kirk, Knoxville, Tennessee (on appeal), for the appellant, Jason Braden.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Mike Flynn, District Attorney General; and Betsy Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

Defendant was indicted in February of 2011 by the Blount County Grand Jury in Case Number C-19218 for aggravated burglary, false imprisonment, and assault for events that took place on May 29, 2010.

On March 15, 2011, Defendant pled guilty in Anderson County in Case Number A9CR0518 to theft of property in exchange for a sentence of eleven months and twenty-nine days. Defendant received jail credit for 154 days.

On May 23, 2011, Defendant pled guilty to the Blount County charges of aggravated burglary, false imprisonment, and assault. In exchange for the guilty plea, Defendant received a five-year sentence for the aggravated burglary conviction and a sentence of eleven months and twenty-nine days for each misdemeanor conviction. The sentences were ordered to be served concurrently to each other. Defendant was released to probation. The sentence for the convictions in Blount County was ordered to be served consecutively to the sentence of eleven months and twenty-nine days in Anderson County.

On October 4, 2011, Defendant tested positive for Oxycontin, Amphetamines, and Morphine/Opiates. On October 28, 2011, a probation violation report was filed against Defendant alleging that he was arrested on October 4, 2011, for domestic assault and theft of property valued at or below $500. The probation officer's affidavit supporting the probation violation warrant detailed that Defendant violated his probation by: (1) committing the offenses of domestic assault and theft of property in Anderson County on September 24 and 30, 2011; (2) failing to provide proof of employment; (3) testing positive on October 4, 2011 for drugs THC, Suboxone, and Hydrocodone; (4) failing to pay fees and fines; (5) failing to complete traffic safety school, community service, and anger management classes; and (6) engaging "in assaultive, abusive, threatening, and intimidating behavior as eviden[ced] by his new arrest."

The trial court held a hearing on the probation violation. At the hearing, the trial court heard testimony from Probation Officer Barry Branham and Defendant.

Officer Branham began supervision of Defendant in April of 2012. He explained that the basis for the probation violation in Blount County was the new arrest in Anderson County, a positive drug screen, failure to show employment, and failure to pay fines and costs. Officer Branham informed the trial court that the new arrest in Anderson County resulted in a conviction for theft on March 15, 2012. In addition, Defendant admitted that he used marijuana after his positive drug screen in September of 2011. Officer Branham explained that there were no other violations of the rules of probation stemming from the

Blount County plea but stated that there "were [violations] on the Anderson County case." Officer Branham recalled that in October of 2011, when the probation violation report was entered, Defendant was under supervision for the Anderson County Convictions but that the Anderson County sentence had expired prior to the revocation hearing.

Defendant admitted that he violated the rules of probation in both Anderson County and Blount County. He claimed to be drug free at the time of the hearing but admitted drug use as early as age seventeen.

After the hearing, the trial court found Defendant had violated the terms of his probation and ordered Defendant to serve the sentence as previously ordered with credit for time served. A separate order was issued giving Defendant earned jail credit for 480 days beginning May 29, 2010, and "July 12, 2012, through the present." Defendant appeals.

*Analysis*

On appeal, Defendant does not contest that there was a factual basis for the violation of probation. Instead, he argues that because of the length of time he had already served in custody, "it would be more reasonable for the trial court to have ordered split confinement as a consequence of the violation." To support his argument, Defendant points to the fact that he was in state custody continuously from October of 2011 to the time of the hearing in February 2014. The State insists that the trial court did not abuse its discretion.

Our supreme court has concluded that a trial court's decision to revoke a defendant's probation "will not be disturbed on appeal unless . . . there has been an abuse of discretion." *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991) (citing *State v. Williamson*, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981)). An abuse of discretion has been established when the "record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); *see State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978). When a trial court finds by a preponderance of the evidence that a defendant has violated the conditions of probation, the court "shall have the right . . . to revoke the probation." T.C.A. § 40-35-311(e)(1). After revoking a defendant's probation, the trial court may return a defendant to probation with modified conditions as necessary, extend the period of probation by no more than two years, order confinement, or order the defendant's sentence into execution as originally entered. T.C.A. §§ 40-35-308(a), (c), -310 (2014). "In probation revocation hearings, the credibility of witnesses is for the determination of the trial judge." *Carver v. State*, 570 S.W.2d 872, 875 (Tenn. Crim. App. 1978) (citing *Bledsoe v. State*, 378 S.W.2d 811, 814 (Tenn. 1965)).

In the present case, Defendant readily acknowledged having violated the terms of his probation in both Anderson County and Blount County by "smoking a joint," failing to find a job, and failing to comply with other conditions of probation. Thus, Defendant conceded an adequate basis for a finding that he had violated the terms of his probation. *See State v. Neal Levone Armour*, No. E2003-02907-CCA-R3-CD, 2004 WL 2008168, at *1 (Tenn. Crim. App. Sept. 9, 2004) (citations omitted). The undisputed fact of the matter is that Defendant failed to comply with the terms of his probation. There was substantial proof to support the violation; the trial court acted well within its discretion by revoking his probation and ordering him to serve the balance of his sentence in confinement. In so doing, the trial court simply allowed Defendant to follow thorough with his agreement of May 23, 2011. On that day Defendant pled guilty to crimes and agreed to comply with the rules of probation in exchange for a suspended sentence by the State of Tennessee. If he failed to comply, he was committed to serve the sentence. The trial court simply allowed Defendant to keep his commitment.

Accordingly, the judgment of the trial court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE