IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 22, 2015

**STATE OF TENNESSEE v. JOSHUA EDWARD KILGORE**

**Appeal from the Criminal Court for Hamilton County**
**No. 290412      Barry A. Steelman, Judge**

_____

**No. E2014-01208-CCA-R3-CD - Filed February 6, 2015**

_____

The Defendant, Joshua Edward Kilgore, appeals the Hamilton County Criminal Court's order revoking his probation for his conviction for violating the sex offender registry requirements and ordering his four-year sentence into execution. The Defendant contends that the trial court abused its discretion. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Steve E. Smith, District Public Defender, and Blake F. Murchison, Assistant District Public Defender, for the appellant, Joshua Edward Kilgore.

Herbert H. Slatery III, Attorney General and Reporter; Meredith DeVault, Senior Counsel; William H. Cox III, District Attorney General; and David Schmidt, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On February 5, 2014, the Defendant pleaded guilty to violating the sex offender registry requirements and received a four-year sentence with all but ninety days to be served on supervised probation. Almost two months later, a probation violation report was filed alleging he violated the sex offender directives of his probation.

At the probation revocation hearing, probation officer William Ford testified that he had supervised the Defendant since February 7, 2014. He reviewed the rules of probation and the probation conditions for sex offenders with the Defendant at their first meeting.

Specifically, he advised the Defendant that he could not access the Internet without written permission from his probation officer and could not access pornography.

Officer Ford testified that in March 2014, probation officer Nicole Stout informed him that the Defendant's residence was too close to a school. He and probation officer Nicole Anderson went to the residence, found the Defendant in his bedroom, and told him that he needed to move immediately.

Officer Ford testified that while the officers were in the Defendant's bedroom, they found three cell phones. Two phones had Internet connections and showed website addresses for several pornography websites and a Facebook account under the Defendant's name. The Defendant told the officers that he had Internet access but that he did not have an account. The addresses were photographed by the officers.

Officer Ford testified that a computer with Internet access was in the Defendant's uncle's bedroom, which was beside the Defendant's bedroom. The uncle told Officer Ford that the Defendant used the computer to access his Facebook account. The computer revealed Internet searches for pornography websites and contained pornographic images of very young females. The website images were also photographed. Officer Ford said the Defendant had access to the phones and the computer.

On cross-examination, Officer Ford testified that the uncle owned the phones in the Defendant's bedroom and that they did not contain any saved images. While none of the images photographed displayed the date of access, Officer Ford only checked the phones and the computer for the websites accessed during the seven days before his visit. The uncle said that he gave the phones to the Defendant three weeks prior to Officer Ford's visit and that he did not have access to the phones after he gave them to the Defendant.

Officer Ford testified that he did not investigate whether the Defendant's address was permissible when the Defendant first reported his address. When he learned the address was impermissible, he visited the Defendant to notify him that he would need to move.

The trial court found by clear and convincing evidence that the Defendant violated the conditions of his probation. The court also reviewed the evidence from the websites on the phones and the computer and found that they showed the Defendant had accessed "graphic pornographic sites" and images that were clearly in violation of the registry requirements. The court found that the present violation and the Defendant's previous conviction for statutory rape were "a dangerous combination" and further found that the Defendant was a danger to the community. The court revoked the Defendant's probation and ordered his four-year sentence into execution. This appeal followed.

-2-

The Defendant contends that the trial court erred by revoking his probation and ordering the entire sentence into execution. He argues that the evidence fails to show that he accessed the relevant websites because other people had access to the phones and the computer. He also argues that "something less than a full revocation would have been the appropriate disposition."

Our supreme court has concluded that a trial court's decision to revoke a defendant's probation "will not be disturbed on appeal unless . . . there has been an abuse of discretion." *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991) (citing *State v. Williamson*, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981)). An abuse of discretion has been established when the "record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); *see State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978). When a trial court finds by a preponderance of the evidence that a defendant has violated the conditions of probation, the court "shall have the right . . . to revoke the probation." T.C.A. § 40-35-311(e)(1) (2014). After revoking a defendant's probation, the trial court may return a defendant to probation with modified conditions as necessary, extend the period of probation by no more than two years, order confinement, or order the defendant's sentence into execution as originally entered. T.C.A. §§ 40-35-308(a), (c), -310 (2014). "In probation revocation hearings, the credibility of witnesses is for the determination of the trial judge." *Carver v. State*, 570 S.W.2d 872, 875 (Tenn. Crim. App. 1978) (citing *Bledsoe v. State*, 378 S.W.2d 811, 814 (Tenn. 1965)).

The record reflects that the Defendant's uncle told Officer Ford that the Defendant used the computer to access his Facebook account and that an account existed under his name. The photographs of the website addresses on the phones and the website images on the computer showed pornography had been accessed. The uncle gave the Defendant the cell phones three weeks before Officer Ford's visit, and the uncle denied accessing the phones after that time. The phones were found in the Defendant's bedroom. In addition, the Defendant admitted to Officer Ford that he had Internet access, and Officer Ford only checked for the websites accessed during the seven days before his visit.

The record supports the trial court's finding that the Defendant violated his probation conditions by accessing the Internet without written permission from his probation officer and accessing pornography in violation of the sex offender directives. Once the court determined that a violation occurred, it had the authority to revoke his probation and order his sentence into execution. *See* T.C.A. § 40-35-311(e)(1)(A). We conclude that the trial court did not abuse its discretion by ordering the Defendant's sentence into execution.

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____

ROBERT H. MONTGOMERY, JR., JUDGE