# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## STATE OF TENNESSEE v. TRACY LORENZO GOODWIN

**Appeal from the Criminal Court for Hamilton County**
**Nos. 272039 and 285791     Jon Kerry Blackwood, Senior Judge**

_____

### No. E2015-01350-CCA-R3-CD Filed – July 15, 2016

_____

The Defendant, Tracy Lorenzo Goodwin, appeals from the Hamilton County Criminal Court's order revoking his probation and ordering execution of the original sentences imposed. The Defendant's counsel has filed a motion to withdraw pursuant to Rule 22 of the Rules of the Tennessee Court of Criminal Appeals. We conclude that counsel's motion is well-taken and, in accordance with Rule 22(F), affirm the trial court's judgments pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Elizabeth Lee Epps, Chattanooga, Tennessee, for the appellant, Tracy Lorenzo Goodwin.

Herbert H. Slatery III, Attorney General and Reporter; John H. Bledsoe, Senior Counsel; M. Neil Pinkston, District Attorney General; and Kristin Spires, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

On September 9, 2009, in case number 272039, the Defendant pleaded guilty to theft of property valued over $1,000 with an agreed ten-year sentence as a Range III, persistent offender to be served on probation. In February 2010, a violation of probation warrant was issued based upon new arrests and was amended in June 2010 based upon additional new arrests. On February 21, 2011, the Defendant pleaded guilty to the probation violation and was placed on intensive probation. On March 9, 2012, a second violation of probation warrant was issued based upon new arrests. On August 29, 2013,

in case number 285791, the Defendant pleaded guilty to theft of property valued over $1,000 and received a six-year sentence consecutive to the previously-imposed ten-year sentence in case number 272039. The Defendant was placed on community corrections.

On October 1, 2013, a community corrections violation warrant was issued. On August 5, 2014, the trial court determined that the Defendant had violated community corrections, and the Defendant was placed on enhanced probation with Global Positioning System (GPS) monitoring. The Defendant reported to enhanced probation on August 13, 2014, by which time he had garnered another theft charge. On August 26, 2014, the Defendant reported for his third enhanced probation meeting but left the building before the fugitive warrant division could arrest him on the new theft charge. On August 27, 2014, the Defendant was charged again with theft. On September 3, 2014, the Defendant pleaded guilty to the two new theft offenses.

Based upon the two additional theft convictions, a probation violation warrant was issued in case numbers 272039 and 285791. At the July 13, 2015 revocation hearing, Tennessee Department of Correction Board of Probation and Parole Officer Shannon Guffey detailed the Defendant's probation and offense history. She stated that the GPS monitoring was never established for the Defendant because he reoffended immediately after being placed in the enhanced probation program. The Defendant's girlfriend, a close lifetime friend, and a rehabilitative programming director testified that the Defendant would successfully complete probation if the trial court granted him further supervised release. Following the hearing, the trial court revoked the Defendant's probation, stating, "The Court finds that you've had previous opportunities for rehabilitation which have failed, and that you've violated the law by two convictions of theft, and the Court will revoke your probation."

Our supreme court has concluded that a trial court's decision to revoke a defendant's probation "will not be disturbed on appeal unless . . . there has been an abuse of discretion." *State v. Harkins,* 811 S.W.2d 79, 82 (Tenn. 1991) (citing *State v. Williamson,* 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981)). An abuse of discretion has been established when the "record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Delp,* 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); *see State v. Shaffer,* 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Grear,* 568 S.W.2d 285, 286 (Tenn. 1978). When a trial court finds by a preponderance of the evidence that a defendant has violated the conditions of probation, the court "shall have the right . . . to revoke the probation." T.C.A. § 40-35-311(e)(1) (2014). After revoking a defendant's probation, the trial court may return a defendant to probation with modified conditions as necessary, extend the period of probation by no more than two years, order confinement, or order the

defendant's sentence into execution as originally entered. *Id*. §§ 40-35-308(a), (c), -310 (2014). "In probation revocation hearings, the credibility of witnesses is for the determination of the trial judge." *Carver v. State,* 570 S.W.2d 872, 875 (Tenn. Crim. App. 1978) (citing *Bledsoe v. State,* 378 S.W.2d 811, 814 (Tenn. 1965)).

Upon a full examination of the record, we conclude that the trial court did not abuse its discretion by revoking the Defendant's probation and ordering execution of the sentences of confinement because the Defendant repeatedly committed new criminal offenses after being placed on probation and community corrections. We affirm the judgments of the trial court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. The appellant shall have 60 days from the date of entry of this opinion within which to file a pro se application for permission to appeal to the Tennessee Supreme Court. Tenn. Ct. Crim. App. R. 22(F). By separate order accompanying this opinion, counsel's motion to withdraw is granted.

_____
ROBERT H. MONTGOMERY, JR., JUDGE