IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**STATE OF TENNESSEE v. ROY D. MOORE**

**Appeal from the Circuit Court for Blount County**
**Nos. C18896-98     Tammy M. Harrington, Judge**

_____

**No. E2016-00206-CCA-R3-CD**

_____

The Defendant, Roy D. Moore, through counsel, appeals as of right from the Blount County Circuit Court's order revoking his probation and ordering him to serve his sentence in confinement. The State has filed a motion to affirm the trial court's order pursuant to Tennessee Court of Criminal Appeals Rule 20. Following our review, we conclude that the State's motion is well-taken and affirm the order of the trial court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the Appellant, Roy D. Moore.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Counsel, for the Appellee, State of Tennessee.

**MEMORANDUM OPINION**

On June 19, 2010, the Defendant pleaded guilty to two counts of aggravated assault and was sentenced to five years to be served on probation. Following one probation violation in April 2014, the trial court extended the Defendant's probationary term for one additional year. In July 2015, a violation of probation warrant issued based upon the Defendant's arrest for domestic assault, failing a drug screen, and use of alcohol. Following a hearing wherein the Defendant admitted to the conduct to establish the violations, the court revoked the Defendant's probation and ordered the Defendant to serve the balance of his sentence in confinement. The Defendant filed a timely notice of appeal from the court's revocation order.

On appeal, the Defendant acknowledges that he committed the violations but argues that "[p]erhaps it was an abuse of discretion to order confinement for the balance of the sentence without first offering substance abuse treatment." The State argues that this court should affirm the trial court's judgment by memorandum opinion because the court did not abuse its discretion by revoking the Defendant's probation. The Defendant did not file a response to the State's motion for affirmance.

Our supreme court has concluded that a trial court's decision to revoke a defendant's probation "will not be disturbed on appeal unless . . . there has been an abuse of discretion." *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991) (citing *State v. Williamson*, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981)). An abuse of discretion has been established when the "record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); *see State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978). When a trial court finds by a preponderance of the evidence that a defendant has violated the conditions of probation, the court "shall have the right . . . to revoke the probation." Tenn. Code Ann. § 40-35-311(e)(1) (2014). After revoking a defendant's probation, the trial court may return a defendant to probation with modified conditions as necessary, order a period of confinement, or order the defendant's sentence into execution as originally entered. *Id.* §§ 40-35-308(a), (c), -310 (2014). "In probation revocation hearings, the credibility of witnesses is for the determination of the trial judge." *Carver v. State*, 570 S.W.2d 872, 875 (Tenn. Crim. App. 1978) (citing *Bledsoe v. State*, 378 S.W.2d 811, 814 (Tenn. 1965)).

The record reflects that the Defendant admitted that he had been drinking alcohol and that he had a problem with cocaine. He also admitted to pleading guilty to a new charge of domestic assault in Knox County Criminal Court. He stated that the victim of the domestic assault was his sister, with whom he had been living. The Defendant's probation officer testified that the Defendant had committed four violations since being placed on probation: failing to notify the officer of a change in residence, garnering and failing to report a new arrest for domestic assault, testing positive for cocaine use, and drinking alcohol.

We conclude that the record supports the trial court's finding that the Defendant violated the conditions of his probation and that the court did not abuse its discretion by revoking the Defendant's probation. *See* T.C.A. § 40-35-311(e)(1). Once the court revoked the Defendant's probation, it had the authority to order the Defendant to serve his sentence in confinement. *See id.* §§ 40-35-308(a), (c), -310. The Defendant is not entitled to relief. Accordingly, we affirm the judgment of the trial court pursuant to Tennessee Court of Criminal Appeals Rule 20.

_____
ROBERT H. MONTGOMERY, JR., JUDGE