FILED

09/05/2017

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON


**STATE OF TENNESSEE v. MARK ANTHONY THOMAS**


**Appeal from the Circuit Court for Dyer County**
**No. 13-CR-266, 14-CR-08B        R. Lee Moore, Jr., Judge**

_____

**No. W2016-00122-CCA-R3-CD**

_____


The Appellant, Mark Anthony Thomas, appeals the revocation of his probation to serve the remainder of his sentence in the Tennessee Department of Correction. The State has filed a motion requesting that this Court affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Following our review, we grant the State's motion and affirm the judgment of the trial court.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

J. ROSS DYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Sean P. Day, Dyersburg, Tennessee, for the appellant, Mark Anthony Thomas.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Phil Bivens, District Attorney General; and Karen Burns, Assistant District Attorney General, for the appellee, State of Tennessee.


**MEMORANDUM OPINION**

On October 29, 2013, the Appellant pled guilty to one count of being a drug felon in possession of a firearm and received an eight year sentence to serve as a Range II offender. After serving six months in the Dyer County jail, the Appellant sought and obtained a furlough to the Rose of Sharon Recovery Center. As a result of the Appellant's completion of the program at the Rose of Sharon the remainder of his sentence was suspended and he was placed on probation on January 6, 2015. On November 3, 2015, a probation violation report was filed alleging that the Appellant violated his probation by

failing to find employment and failing to provide employment search documents for the months of May, June, September, and October, 2015; by failing to report as instructed for the months of September and October, 2015; by testing positive for cocaine on April 28, 2015, and testing positive for cocaine, benzodiazepines, and oxycodone on July 1, 2015; and by failing to pay court costs and probation fees.

At the revocation hearing on January 4, 2016, the Appellant's probation officer testified that the Appellant had committed five violations since he had been placed on probation. The first violation was for failing to provide employment verification for May, June, September, and October, 2015. The second violation occurred after the Appellant failed to complete further treatment as ordered by his forensic social worker and failed to report for the months of September and October. The third violation occurred on April 28, 2015, when the Appellant tested positive for cocaine; and the fourth violation was filed on July 1, 2015, when the Appellant tested positive for cocaine, benzodiazepine, and oxycodone. In addition, the Appellant had made no payments toward his supervision or court costs. In light of the above occurrences, the probation officer did testify that the Appellant had been respectful to the probation officer and his staff.

The Appellant testified on his own behalf and admitted to using cocaine and losing his job as a result of the drug use.

After the hearing, the trial court found that the Appellant violated the terms of his probation through his drug use and by failing to report to his probation officer. Based upon this finding, the Appellant's probation was revoked, and he was ordered to serve the balance of his sentence in custody. The Appellant timely appealed the revocation of his probation to this Court.

The Appellant contends that the trial court erred by fully revoking his probation and should have only partially revoked the Appellant's probation. In support, the Appellant argues that he was apologetic at his probation revocation hearing and he was willing to seek additional treatment. The State responds that the evidence supports the trial court's revoking the Appellant's probation and ordering him to serve the remainder of his sentence.

Our supreme court has decided that a trial court's decision to revoke a defendant's probation "will not be disturbed on appeal unless . . . there has been an abuse of discretion." *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991) (citing *State v. Williamson*, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981)). An abuse of discretion has been established when the "record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); *see State v. Shaffer*, 45 S.W.3d

553, 554 (Tenn. 2001); *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978). When a trial court finds by a preponderance of the evidence that a defendant has violated the conditions of probation, the court "shall have the right . . . to revoke the probation." Tenn. Code Ann. § 40-35-311(e)(1) (2014). After revoking a defendant's probation, the trial court may return a defendant to probation with modified conditions as necessary, extend the period of probation by no more than two years, order a period of confinement, or order the defendant's sentence into execution as originally entered. Tenn. Code Ann. §§ 40-35-308(a), (c), -310 (2014). "In probation revocation hearings, the credibility of witnesses is for the determination of the trial judge." *Carver v. State*, 570 S.W.2d 872, 875 (Tenn. Crim. App. 1978) (citing *Bledsoe v. State*, 378 S.W.2d 811, 814 (Tenn. 1965)).

In addition to the presented testimony of the probation officer referencing the failed drug tests and other violations of the Appellant, the Appellant admitted at the revocation hearing that he had been using illegal drugs and did not comply with the rules of his probation. We conclude that the record supports the trial court's finding that the Appellant violated the conditions of his probation by failing two drug screens and failing to report to his probation officer and that the court properly revoked the Appellant's probation. *See* Tenn. Code Ann. § 40-35-311(e)(1). Once the court properly revoked the Appellant's probation, it had the authority to order the Appellant to serve the remainder of his sentence in confinement. *See* Tenn. Code Ann. §§ 40-35-308(a), (c), -310. The Appellant is not entitled to relief.

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
J. ROSS DYER, JUDGE