IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 25, 2019

## STATE OF TENNESSEE v. CHRISTIAN AARON NEEDHAM

**Appeal from the Circuit Court for McMinn County**
**No. 13-CR-405    Andrew Freiberg, Judge**

_____

### No. E2018-01982-CCA-R3-CD

_____

The Defendant, Christian Aaron Needham, appeals the McMinn County Circuit Court's order revoking his probation for his convictions for two counts of felony theft and one count of aggravated burglary and ordering him to serve the remainder of his effective six-year sentence in confinement. The Defendant contends that the trial court abused its discretion by ordering his sentence into execution. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

C. Richard Hughes, Jr., District Public Defender, and Tim W. Wilson, Assistant District Public Defender, for the appellant, Christian Aaron Needham.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Assistant Attorney General; Stephen D. Crump, District Attorney General; and Matt Dunn, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On February 3, 2014, the Defendant pleaded guilty to two counts of theft and to aggravated burglary and received an effective six-year sentence to be served on probation, which was ordered to be served consecutively to the sentence in an unrelated case. In exchange for his guilty pleas, additional theft-related and firearm-related charges were dismissed. On October 30, 2017, a probation violation warrant was issued, after the Defendant's probation officer alleged that on October 6, 2017, the Defendant failed a drug screen by testing positive for methamphetamine, amphetamine, marijuana, and benzodiazepine and that the Defendant signed a form admitting the drug use.

On September 10, 2018, an amended probation violation report was submitted to the trial court, alleging that the Defendant had absconded from supervision and had last reported to his probation officer on October 6, 2017. An "[a]ddendum" to the probation violation warrant was issued on September 10, 2018.

At the probation revocation hearing, the Defendant conceded that he had violated the terms of his release by failing a drug screen and by absconding from his supervision. After the trial court advised the Defendant of his constitutional rights, he submitted to the probation violation. The Defendant stated that he "wrote an admission of guilt" relative to the failed drug screen and discussed it with his probation officer. The Defendant said that he had not used methamphetamine but that he had consumed Adderall, which could produce positive results for methamphetamine or amphetamine. He said he admitted to his probation officer he had relapsed. He admitted using marijuana and Xanax, as well, although he had completed a six-month program at Christian Home Ministries. The Defendant, likewise, admitted to the court that he stopped reporting to his probation officer after the failed drug screen. Based upon the Defendant's admissions, the trial court determined that the Defendant had violated the conditions of his release.

The Defendant testified that he voluntarily and successfully completed the six-month Christian Home Ministries program in 2017, that he underwent drug screens twice per week, and that he participated in religious study three times per week. He said that the Prison Outreach Ministries assisted him with obtaining employment as a pipe welder and that he paid his fees and restitution. He said that he left Nashville and moved to McMinn County in 2017 and that this proved to be a poor decision. He said that he began a romantic relationship with a woman, that she became pregnant, and that she suffered a miscarriage, which he said "sent [him] a little over the edge." He said that the month leading up to his failed drug screen was "bad."

The Defendant testified that after he failed the drug screen, he and his probation officer talked about whether the probation officer would submit a probation violation report to the trial court and that the probation officer told the Defendant to give her a couple of weeks. He said that during this time, he returned to the Christian Home Ministries in Nashville because he knew this was best for him. He conceded he made a mistake by absconding from supervision. He said his son was age eighteen. Three letters of support were received as exhibits. The Defendant apologized to the trial court for "having to be here" and thanked the court regardless of the court's decision at the hearing.

On cross-examination, the Defendant testified that this was not his first probation violation and agreed that he failed to meet with his probation officer in an unrelated case. He agreed that he had not met with his probation officer consistently in the present case. He agreed that relative to the previous probation violation, he absconded from supervision

between October 2014 and August 2015. He agreed that relative to the current violation, he absconded from supervision between October 2017 and August 2018. He stated that he had paid toward the fees and restitution in this case but that he was unsure of the amount. The court payment history was received as an exhibit and showed a single payment of $11.75.

Loretta Needham, the Defendant's mother, testified that the Defendant and his eighteen-year-old son had a good relationship. She said that the Defendant's son visited the Defendant twice when the Defendant was in the Christian Home Ministries program in Nashville. She said that there had been "rough times" but that the Defendant and his son needed each other. She noted her healthcare problems and said she would like the Defendant's assistance with his son.

The trial court found that the Defendant was sincere in his "proclamation of faith" and credited the Petitioner's testimony, except for his testimony regarding payment of fees and restitution. The court found that "it's simply more than this Court can bear." The court found that it had "foster[ed] alternatives . . . to incarceration" and that the Defendant had not complied with the conditions of his release. The court placed significant weight upon its finding that the Defendant's probation violation resulted of the same conduct as in the previous probation violation. The court found that the Defendant had an overall poor history of supervision and ordered that the Defendant serve the remainder of his sentence in confinement. This appeal followed.

The Defendant contends that the trial court erred by ordering him to serve the remainder of his sentence in confinement. Although he concedes that he violated the terms of his release, he argues that the court should not have ordered his sentence into execution because he is not a danger to the community and because the court placed weight upon incomplete records showing the Defendant's payment of fees and restitution. The State responds that the trial court did not err by revoking the Defendant's probation and ordering his sentence into execution. We agree with the State.

Our supreme court has concluded that a trial court's decision to revoke a defendant's probation "will not be disturbed on appeal unless . . . there has been an abuse of discretion." *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991) (citing *State v. Williamson*, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981)). An abuse of discretion has been established when the "record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); *see State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978). When a trial court finds by a preponderance of the evidence that a defendant has violated the conditions of probation, the court "shall have the right . . . to revoke the probation." T.C.A. § 40-35-311(e)(1) (2014). After revoking a defendant's probation, the trial court may return a defendant to probation with modified

conditions as necessary, extend the period of probation by no more than two years, order a period of confinement, or order the defendant's sentence into execution as originally entered. T.C.A. §§ 40-35-308(a), (c) (2014), -310 (2014). "In probation revocation hearings, the credibility of witnesses is for the determination of the trial judge." *Carver v. State*, 570 S.W.2d 872, 875 (Tenn. Crim. App. 1978) (citing *Bledsoe v. State*, 378 S.W.2d 811, 814 (Tenn. 1965)).

The record reflects that the Defendant admitted to violating the conditions of his release by failing a drug screen and by absconding from supervision. As a result, the record supports the trial court's finding that the Defendant violated the conditions of his probation.

Because we have concluded that the record supports the trial court's finding that the Defendant violated the conditions of his probation, we likewise conclude that the court did not abuse its discretion by revoking the Defendant's probation. *See* T.C.A. § 40-35-311(e)(1). Once the court revoked the Defendant's probation, it had the authority to order the Defendant to serve the remainder of his sentence in confinement. *See id*. §§ 40-35-308(a), (c), -310. In reaching this conclusion, we have not overlooked the Defendant's argument that the court relied upon incomplete financial records regarding his payment of fees and restitution. Although the court evaluated the Defendant's credibility and found that the records were inconsistent with the Defendant's testimony regarding his payments, the court ordered the Defendant to serve his sentence based upon the Defendant's absconding from supervision. The record does not reflect that the Defendant's payments, or lack thereof, were the basis for revoking his probation and for ordering him to serve his sentence in confinement. The Defendant is not entitled to relief.

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
ROBERT H. MONTGOMERY, JR., JUDGE