IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
September 25, 2019 Session

### STATE OF TENNESSEE v. BLAKE O. SWANN

**Appeal from the Criminal Court for Washington County**
**No. 42893     Stacy L. Street, Judge**

_____

### No.  E2018-00354-CCA-R3-CD
_____

The Defendant, Blake O. Swann, appeals the Washington County Criminal Court's order revoking his probation for his aggravated assault conviction and ordering him to begin anew his four-year sentence on community corrections.  The Defendant contends that the trial court abused its discretion by revoking his probation.  We affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Brennan M. Wingerter (on appeal), Knoxville, Tennessee, and Misty Buck (revocation hearing), Elizabethton, Tennessee, for the appellant, Blake O. Swann.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Ken C. Baldwin, District Attorney General; and Fred Lance, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On January 29, 2018, the Defendant entered a best interest guilty plea, pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), to aggravated assault, and he received a Range I sentence of four years' probation.  The State's recitation of the facts at the guilty plea hearing reflects that

> officers responded [and] . . . made contact with Jeremy Castillo.  He had stated that there had been a physical altercation with Mr. Swann.  Mr. Swann became angry with the victim for using the dumpster.  They had argued and then Mr. Swann took brass knuckles out of his pocket and then hit the victim, Jeremy

Castillo. There would have been a neighbor who would have also corroborated the victim's statement in that.

On March 15, 2018, a probation violation warrant was issued, after the Defendant's probation officer alleged that he engaged in assaultive, abusive, threatening or intimidating behavior. The probation officer alleged that the Defendant sent two emails to the officer in which the Defendant referred to the officer as a "b----, fool, and a------" and in which the Defendant made threatening statements that the Defendant was "going to win," "good luck," and "no one will stop me."

At the probation revocation hearing, the Defendant conceded that he had violated the terms of his probation. Based upon the agreement of the parties, the trial court revoked the Defendant's probation and placed him on community corrections for four years. The court admonished the Defendant to treat his probation officer and court personnel with respect, and the Defendant stated he understood. The court's written order reflects that the Defendant engaged in assaultive, abusive, threatening, or intimidating behavior and that the Defendant was to begin anew his four-year sentence on community corrections. This appeal followed.

The Defendant contends that the trial court erred by revoking his probation because the record does not contain evidence that he engaged in assaultive, abusive, threatening, or intimidating behavior. He, likewise, asserts the record does not reflect that he engaged in gang-related activity or other conduct posing a threat to others and that similar conduct had resulted in probation revocations in other cases. The State responds that the trial court did not err by revoking the Defendant's probation. We agree with the State.

Our supreme court has concluded that a trial court's decision to revoke a defendant's probation "will not be disturbed on appeal unless . . . there has been an abuse of discretion." *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991) (citing *State v. Williamson*, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981)). An abuse of discretion has been established when the "record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); *see State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978). When a trial court finds by a preponderance of the evidence that a defendant has violated the conditions of probation, the court "shall have the right . . . to revoke the probation." T.C.A. § 40-35-311(e)(1) (2014). After revoking a defendant's probation, the trial court may return a defendant to probation with modified conditions as necessary, extend the period of probation by no more than two years, order a period of confinement, or order the defendant's sentence into execution as originally entered. T.C.A. §§ 40-35-308(a), (c) (2014), -310 (2014). "In probation revocation hearings, the credibility of witnesses is for the determination of the trial judge." *Carver v. State*, 570

S.W.2d 872, 875 (Tenn. Crim. App. 1978) (citing *Bledsoe v. State*, 378 S.W.2d 811, 814 (Tenn. 1965)).

The record reflects that the Defendant was accused of engaging in assaultive, abusive, intimidating, or threatening behavior based upon language he used in two emails addressed to his probation officer. This was the only allegation contained in the probation violation warrant. At the revocation hearing, the Defendant admitted that he had violated the conditions of his release. *See State v. Ross Pruitt*, No. E2015-01494-CCA-R3-CD, 2016 WL 3342356, at \*4 (Tenn. Crim. App. June 8, 2016) ("The Defendant's admission that he violated the terms of his probation, alone constitutes substantial evidence to support the revocation."); *State v. Daniel Earl Gentry*, No. E2018-01010-CCA-R3-CD, 2019 WL 1224637, at \*2 (Tenn. Crim. App. Mar. 15, 2019) ("[T]he defendant stipulated to violating the terms of his probation, establishing an adequate basis for the trial court's revocation of his probation."). As a result, the record supports the trial court's finding that the Defendant violated the conditions of his release.

Because we have concluded that the record supports the trial court's finding that the Defendant violated the conditions of his probation, we likewise conclude that the court did not abuse its discretion by revoking the Defendant's probation, which we note was agreed upon by the parties. *See* T.C.A. § 40-35-311(e)(1). Once the court revoked the Defendant's probation, it had the authority to resentence the Defendant to serve his four-year sentence on community corrections. *See id*. §§ 40-35-308(a), (c), -310. The Defendant is not entitled to relief.

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
ROBERT H. MONTGOMERY, JR., JUDGE