IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 29, 2020

### STATE OF TENNESSEE v. RAYMOND LEE PRYOR

**Appeal from the Criminal Court for Knox County**
**No. 105587     G. Scott Green, Judge**

_____

### No. E2019-00599-CCA-R3-CD

_____

The Defendant, Raymond Lee Pryor, appeals the Knox County Criminal Court's order revoking his probation for his conviction for attempt to commit second degree murder and ordering him to serve the remainder of his ten-year sentence in confinement. The Defendant contends that the trial court abused its discretion by ordering his sentence into execution. We affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and TIMOTHY L. EASTER, JJ., joined.

Richard C. Stooksbury III, Knoxville, Tennessee, for the appellant, Raymond Lee Pryor.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; Charme P. Allen, District Attorney General; and Kevin Allen, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

In June 2015, the Defendant was indicted for attempted first degree murder, especially aggravated kidnapping, especially aggravated robbery, aggravated assault, and employing a firearm during the commission of a dangerous felony. On November 12, 2015, the Defendant pleaded guilty to attempted second degree murder in exchange for a ten-year sentence and for the dismissal of the remaining charges. At the April 20, 2016 sentencing hearing, the trial court ordered the Defendant to serve his sentence on probation. On August 10, 2016, a probation violation warrant was issued, alleging that the Defendant had been arrested for felony theft, had failed to notify his probation officer of the arrest, had failed to maintain employment, had failed to pay fees, costs, or restitution, and had failed to "abide" by the restitution order. The trial court's minutes

reflect that on September 19, 2016, the court dismissed the probation violation and that the Defendant continued serving his sentence on probation. On January 24, 2018, a probation violation warrant was issued, alleging that the Defendant had been arrested in California for assault "by means to promote injury and making criminal threats," failed to notify his probation officer of the arrest, and had engaged in assaultive and intimidating behavior.

At the revocation hearing, certified copies of judgments were received as an exhibit and reflected that on August 25, 2017, the Defendant had pleaded guilty in California to assault and making criminal threats. The corresponding California Penal Code sections defining the offenses were likewise received as an exhibit. The State argued that, based upon the violent nature of the offenses and the previous revocation proceedings, the Defendant's probation should be revoked and that he should be ordered to serve the remainder of his sentence in confinement. Defense counsel "recognize[d]" the California convictions, which involved a felony, and noted that the Defendant was placed on probation in California for three years, which ran concurrently with his probation in this case. Counsel stated that the Defendant's California probation was revoked, that he was ordered to serve the remainder of his sentence, and that the Defendant served approximately eighteen months in confinement for the three-year sentence.

Defense counsel conceded that the Defendant violated the conditions of his release in this case but requested that the trial court return the Defendant to probation. Counsel stated that the Defendant was age twenty when the offense occurred in this case, that he had served forty-six months in jail overall, and that he was age twenty-five at the time of the revocation hearing. Counsel said that "Tennessee never wanted [the Defendant] anyway" and noted that his probation was transferred to California where the Defendant's family, four-year-old child, and church were located.

The trial court noted that the Defendant received "a break" when he pleaded guilty in this case and that he received "multiple breaks" since pleading guilty. The court found that the Defendant had been convicted of a violent offense in California and that "it was time for [him] to serve this sentence." The court, likewise, determined that the Defendant had violated the conditions of his probation based upon the Defendant's "having submitted to [the] revocation." The court revoked the Defendant's probation and ordered the Defendant to serve the remainder of his sentence in confinement. This appeal followed.

The Defendant contends that the trial court erred by ordering him to serve the remainder of his sentence in confinement. Although he concedes that he violated the terms of his probation, he argues that the court should have imposed "some other

alternative sentence, instead of incarceration." The State responds that the trial court did not err by revoking the Defendant's probation and ordering his sentence into execution. We agree with the State.

Our supreme court has concluded that a trial court's decision to revoke a defendant's probation "will not be disturbed on appeal unless . . . there has been an abuse of discretion." *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991) (citing *State v. Williamson*, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981)). An abuse of discretion has been established when the "record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); *see State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978). When a trial court finds by a preponderance of the evidence that a defendant has violated the conditions of probation, the court "shall have the right . . . to revoke the probation." T.C.A. § 40-35-311(e)(1) (2019). After revoking a defendant's probation, the trial court may return a defendant to probation with modified conditions as necessary, extend the period of probation by no more than two years, order a period of confinement, or order the defendant's sentence into execution as originally entered. T.C.A. §§ 40-35-308(a), (c) (2019), -310 (2019). "In probation revocation hearings, the credibility of witnesses is for the determination of the trial judge." *Carver v. State*, 570 S.W.2d 872, 875 (Tenn. Crim. App. 1978) (citing *Bledsoe v. State*, 378 S.W.2d 811, 814 (Tenn. 1965)).

The record reflects that the Defendant admitted he violated the conditions of his release by engaging in criminal conduct, which resulted in two convictions during his ten-year sentence. As a result, the record supports the trial court's finding that the Defendant violated the conditions of his probation.

Because we have concluded that the record supports the trial court's finding that the Defendant violated the conditions of his probation by engaging in criminal conduct, we likewise conclude that the court did not abuse its discretion by revoking the Defendant's probation. *See* T.C.A. § 40-35-311(e)(1). Once the court revoked the Defendant's probation, it had the authority to order the Defendant to serve the remainder of his sentence in confinement. *See id*. §§ 40-35-308(a), (c), -310. The Defendant is not entitled to relief.

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
ROBERT H. MONTGOMERY, JR., JUDGE