IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 29, 2016

**STATE OF TENNESSEE v. ANTHONE TYRONE LOVE**

**Appeal from the Circuit Court for Blount County**
**No. C21240    David R. Duggan, Judge**
_____

**No. E2015-02260-CCA-R3-CD – Filed September 1, 2016**
_____

Following his conviction for delivery of not less than one-half ounce of schedule VI drugs, the Defendant, Anthone Tyrone Love, received a two-year sentence, sixteen months of which was to be served on probation. Following a hearing, the trial court revoked the Defendant's determinate release probation and ordered him to serve the balance of his sentence in confinement. On appeal, the defendant contends that the trial court erred in ordering him to serve the remainder of his sentence in confinement and that ninety days of split confinement and treatment for substance abuse is an appropriate sanction for the violation. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and ROBERT L. HOLLOWAY, JR., JJ., joined.

J. Liddell Kirk (on appeal), Knoxville, Tennessee; Mack Garner (at hearing), District Public Defender, for the appellant, Anthone Tyrone Love.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; Michael L. Flynn, District Attorney General; Ashley Salem, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The present appeal involves the Defendant's third probation violation for his felony drug conviction. In 2013, the Defendant was found to have violated his probation due to his being charged with driving under the influence, resisting arrest, and drug possession. The trial court revoked probation, and the Defendant served his sentence until he was granted determinate release on November 1, 2014. At the end of his probationary period in April 2015, he was found to have violated his probation by failing

to pay costs, and his probation was extended for one year. In July 2015, the present probation violation warrant was issued, which alleged that the Defendant had been arrested for public intoxication, had failed to report the arrest to his probation officer, had failed to report for an administrative case review meeting, had failed to participate in a life skills class, had two positive drug test results for marijuana, and had failed to perform his community service requirements.

At the revocation hearing, David Darnes, the Defendant's probation officer, testified that he had supervised the Defendant since December 2014. Mr. Darnes said that the Defendant performed well on probation from December 2015 until June 2015, that the Defendant failed drug tests on June 4, 2015, and July 9, 2015, and that the Defendant had been untruthful with him about marijuana use relative to the first drug test. Mr. Darnes testified that the Defendant failed to perform his required eight hours of community service in June 2015. Mr. Darnes said that on July 9, 2015, he instructed the Defendant to attend twice-weekly Pro-Social Life Skills classes, which were designed to help participants identify and correct problematic behavior, but that the Defendant failed to attend. Mr. Darnes admitted he did not talk to the Defendant after July 9, 2015, and said the Defendant had not made him aware of any problems the Defendant had beginning in June.

The trial court received the following exhibits: (1) a certified copy of the Defendant's June 23, 2015 arrest warrant for public intoxication,[1] (2) the laboratory reports reflecting the positive drug test on June 4, and (3) the Defendant's signed acknowledgement of the positive results from the June 4 and July 9 drug tests.

The Defendant testified that he had two jobs and performed well on probation until June 2015, when family problems developed. He said he approached Mr. Darnes for help. The Defendant said Mr. Darnes "wasn't trying to give [him] any insight." The Defendant said Mr. Darnes told him that Mr. Darnes "was not there to be a friend" and that Mr. Darnes said the problems were not Mr. Darnes'. The Defendant said he "messed up" by using marijuana to deal with stress. Regarding the public intoxication charge, the Defendant said he "was actually slipped something" from a person who gave him a ride home from work. He had no memory of what occurred. The Defendant testified that he needed drug and alcohol "classes" and that he had inquired about them during the time he had been on probation.

Regarding the administrative case review meeting the Defendant missed, he explained that he had taken his daughter to the emergency room that morning. He said he tried to contact Mr. Darnes but that they "just had some miscommunication." He stated

---

[1] The prosecutor stated, "I have a certified copy where he pled no contest to the public intoxication on June 23rd." The documents received as an exhibit consist of an arrest warrant and an affidavit of complaint, but they do not reflect the no contest plea. The defense did not contest the prosecutor's statement about the plea.

that by the time he contacted Mr. Darnes, he had missed a class, and that Mr. Darnes said Mr. Darnes had already completed the violation report.

The Defendant testified that at the time of the hearing, he had been in jail for eleven weeks. He said that when he was released from jail, he could live at his grandmother's house and that he still had one job and hoped he could work for the other employer again. He said that if he were not able to regain the second job, he would look for another.

The Defendant testified that what he had done was wrong, but he asked the court to "have mercy on" him. He said he would like to receive drug and alcohol treatment and said "at the time, he wasn't really trying to help me out," apparently referring to Mr. Darnes. The Defendant said that his children needed him and that he did not want them to end up where he was. The Defendant said that if he were in a future stressful situation, the last thing he would do was what he had done previously. He said he would seek help. He apologized for his conduct and said he had set the wrong example for his children.

After receiving the proof, the trial court stated the following:

Based upon this proof, the Court finds that Mr. Love had engaged in a material violation of his probation based upon his arrest on or about June 23, 2015 in Alcoa, Tennessee and being charged with public intoxication and his subsequent no-contest plea; failing to notify his probation officer of the arrest; failing to report for an Administrative Case Review Committee meeting on July 15, 2015; failing to attend the Pro Social Life Skills class on July 8, 2015; and failing to perform 8 hours of community service for the month of June 2015. The court also finds that he has two priors and this is his third violation.

Mr. Love, certainly your children need you as you've indicated. And it is my hope that some day you might still be able to provide the care they need and set the example they need at some point in time. But stress is not a reason to commit a crime. It's not an excuse for committing a crime. If it were, probably all of the officers and lawyers and myself included in this courtroom today would be committing crimes on a daily basis.

And do I know whether or not somebody slipped something to you? No, I can't know that for sure, but it's not a credible explanation.

The trial court revoked the Defendant's probation and ordered him to serve the balance of his sentence. This appeal followed.

The defendant does not dispute the fact that he violated the terms of his probation. He contends that the trial court abused its discretion in revoking probation and ordering him to serve his sentence. He argues that a sentence of ninety days split confinement followed by supervision and substance abuse treatment was the appropriate sanction. The State contends that no abuse of discretion occurred. We agree with the State.

Our supreme court has concluded that a trial court's decision to revoke a defendant's probation "will not be disturbed on appeal unless . . . there has been an abuse of discretion." *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991) (citing *State v. Williamson*, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981)). An abuse of discretion has been established when the "record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); *see State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978). When a trial court finds by a preponderance of the evidence that a defendant has violated the conditions of probation, the court "shall have the right . . . to revoke the probation." T.C.A. § 40-35-311(e)(1) (2014). After revoking a defendant's probation, the trial court may return a defendant to probation with modified conditions as necessary, extend the period of probation by no more than two years, order a period of confinement, or order the defendant's sentence into execution as originally entered. T.C.A. §§ 40-35-308(a), (c), -310 (2014). "In probation revocation hearings, the credibility of witnesses is for the determination of the trial judge." *Carver v. State*, 570 S.W.2d 872, 875 (Tenn. Crim. App. 1978) (citing *Bledsoe v. State*, 378 S.W.2d 811, 814 (Tenn. 1965)).

The record reflects that relative to the present revocation, the Defendant committed multiple violations of the terms of his probation and that he had two previous probation violations for the same conviction. Although he offered an explanation for his missing the administrative case review meeting due to a family emergency, he offered no explanation for his failure to attend the Pro-Social Life Skills classes. We note that Mr. Darnes told the Defendant to attend the twice-weekly classes on July 9, 2015 and that Mr. Darnes did not complete the violation report alleging that the Defendant had not attended the classes until July 21. Although the Defendant claimed relative to the public intoxication conviction that someone "slipped him something," the trial court discredited this testimony. The Defendant offered stress and family problems as excuses for his marijuana use but contends he will not use drugs if future difficult circumstances arise. We note that the Defendant twice tested positive for marijuana use and that his first probation violation was based, in part, upon driving under the influence and drug possession.

The record contains substantial evidence to support the trial court's determination that a violation of the conditions of probation occurred. Given the Defendant's repeated disregard for the rules of probation and his inability to conduct himself within those guidelines, the trial court did not abuse its discretion in ordering the Defendant to serve his sentence.

Based on the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE