FILED

03/13/2017

Clerk of the
Appellate Courts



IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville February 23, 2017

## STATE OF TENNESSEE v. TOMMY TYRELL JOHNSON

**Appeal from the Circuit Court for Rutherford County**
**No. F72715   David Bragg, Judge**

_____

### No. M2016-01243-CCA-R3-CD
_____

The Defendant, Tommy Tyrell Johnson, appeals the Rutherford County Circuit Court's order revoking his probation for his theft conviction and ordering him to serve his four-year sentence in confinement. The Defendant contends that the trial court abused its discretion by revoking his probation. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Gerald L. Melton, District Public Defender, and John Driver, Assistant Public Defender, for the appellant, Tommy Tyrell Johnson.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Senior Counsel; Jennings Hutson Jones, District Attorney General; and Sara N. Davis, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On November 21, 2014, the Defendant pleaded guilty to theft of property valued at more than $1,000, and the trial court sentenced the Defendant to four years' probation. On August 11, 2015, a probation violation report was filed with the trial court, alleging that the Defendant had been arrested for drug-related and firearm-related charges. The report also alleged he failed to report his arrest to his probation officer, failed to obtain employment and to attend a job fair, failed to attend Narcotics Anonymous and Alcoholics Anonymous meetings, had been discharged from "CADAS" because of his resistance in group meetings and minimal motivation to change his behavior, failed a drug screen by testing positive for marijuana and cocaine, and failed to make payments toward supervision fees and court fines. On August 12, 2015, a probation violation warrant was issued.

At the revocation hearing, Chattanooga Police Officer Ryan Vanderpool testified that on August 11, 2015, he initiated a traffic stop of a car in which the Defendant was a passenger. Officer Vanderpool explained that he initiated the traffic stop because the car matched the description and license plate number of a car that had fled from police the previous day. Officer Vanderpool stated that he smelled the odor of marijuana coming from the car as he spoke to the driver and the Defendant, that he searched the car based upon the smell, and that he found marijuana inside the glove box. Officer Vanderpool said that he asked the Defendant and the driver about the marijuana and that the Defendant admitted the marijuana belonged to him. Officer Vanderpool said he continued searching the glove box and found a bag containing what the Tennessee Bureau of Investigation (TBI) later determined was cocaine. Officer Vanderpool said that the Defendant and the driver denied owning the cocaine.

Officer Vanderpool testified that he continued searching the car, that he found an empty gun holster lying on the floorboard "behind the front passenger seat," and that the Defendant and the driver acted as though they did not know a gun was inside the car. Officer Vanderpool said that he found a nine-millimeter firearm between the front passenger seat and the center console and that the Defendant and the driver denied owning the gun. Officer Vanderpool stated that after a short period of time, the Defendant admitted that all of the drugs and the gun belonged to him.

Officer Vanderpool testified that the TBI analyzed the drugs and determined the marijuana weighed 16.76 grams and the cocaine weighed 2.37 grams. He said that although the Defendant denied he was employed, the Defendant was carrying $615 in cash. Officer Vanderpool said that the Defendant was charged with three felony offenses, which were pending before the Hamilton County Criminal Court at the time of the revocation hearing.

On cross-examination, Officer Vanderpool testified that the traffic stop was video recorded and that the Defendant's admissions could be heard in the recording. Officer Vanderpool said that he did not read the Defendant his *Miranda* rights before the search but that he read them before asking if the drugs and the gun belonged to the Defendant. Officer Vanderpool said that he searched the Defendant because he had probable cause to believe the Defendant possessed marijuana based upon the odor coming from the car.

Rutherford County Probation Officer Kayla Banks testified that the Defendant's probation was transferred from Rutherford County to Hamilton County and that the Defendant's release was supervised by a Hamilton County probation officer. She said that the Defendant tested positive for drugs on December 5, 2014, and April 7, 2015. She confirmed that a laboratory report showed the presence of marijuana and cocaine on April 7, 2015. She said that as a condition of his probation, the Defendant was required to attend

CADAS, a drug and alcohol treatment program, in Chattanooga and that the Defendant was discharged from the treatment program on June 23, 2015, because of the Defendant's resistance in group therapy and minimal motivation for change.

Ms. Banks testified that the Defendant did not obtain employment after his probation was transferred to Hamilton County, that he was ordered to attend a job fair on May 7, 2014, and that the Defendant did not provide attendance verification. She stated that the Defendant did not report his arrest relative to the pending drug and firearm charges to his Hamilton County probation officer.

On cross-examination, Ms. Banks testified that her file did not contain an affidavit from the drug screen analyst who determined the presence of marijuana and cocaine or a letter from the treatment program reflecting the Defendant's discharge.

The Defendant testified that he met with his Hamilton County probation officer regularly and that he was unable to report his Hamilton County arrest because he remained in jail for two weeks before posting bond. He said that he went to the probation office when he was released, that his probation officer already knew about the arrest, and that his probation officer did not file a probation violation report at that time. He said that he reported to his probation officer until his January 7, 2016 arrest pursuant to the probation violation warrant.

The Defendant testified that he admitted to Officer Vanderpool that he owned the marijuana but that he never admitted owning the cocaine or the gun. He said that he had been in confinement since his January arrest and asked that the court return him to probation in order for him to resolve the Hamilton County charges. He said, though, he was willing to serve one year in confinement.

On cross-examination, the Defendant testified that he had not found employment since his probation was transferred to Hamilton County. He said that he attended the job fair, that he "signed [his] name on the clip" showing he attended the job fair, and that the probation officer was not truthful.

The Defendant testified that he admitted to his Hamilton County probation officer that he needed drug treatment, that he failed a drug screen by testing positive for marijuana and cocaine, and that he began the treatment program. Relative to his attitude during the treatment program, he said that he attended every class but that he was discharged because he could not provide a sobriety date when "the woman" asked him to stand and state his sobriety date. He said that the woman asked him when he last used drugs, that he provided the date, and that the woman told him to leave. The Defendant said he reported to his probation officer immediately after leaving the program. He explained that he did not have a

sobriety date because he was placed in the program two days after failing the drug screen, although he said he had been sober for two days.

The Defendant testified that he knew nothing about the car's evading police the day before his arrest. He agreed that the traffic stop occurred in August and that he was discharged from the treatment program in July. He denied smoking marijuana at the time of his arrest. He said, though, he might have planned to use marijuana that day. He said that he never saw the cocaine inside the car, although the officer found it beside the Defendant's marijuana. He said that at a Hamilton County hearing, a person the Defendant did not identify testified that he or she owned the gun and had left the gun where it was found by the police. He said Officer Vanderpool had to be lying because the Defendant knew nothing about the gun. The Defendant agreed that he had not been employed since beginning his probation and that the money seized during the traffic stop belonged to the driver, who was his girlfriend. When asked why the Defendant was holding his girlfriend's money, he said, "The way I look at it, if me and her are together, what is she holding it for."

Ms. Banks was recalled by the defense and testified that she did not receive a complete file from the Hamilton County probation officer. She said that she received the original probation order, the probation violation report and warrant, information regarding the failed drug screen, and information regarding the new criminal charges in Hamilton County. She could not state whether the Defendant reported to his probation officer after he posted bond relative to the Hamilton County charges. She acknowledged the probation violation warrant did not allege the Defendant stopped reporting to his probation officer but said the warrant alleged the Defendant did not attend the job fair.

The trial court found, based upon the Defendant's testimony, that the Defendant had violated the conditions of his probation by possessing marijuana. The court found that at the time of the traffic stop, the cocaine and the gun were found in the passenger-side glove box and between the passenger seat and the center console, respectively. The court also found that the Defendant had violated the conditions of his probation by admitting during his testimony that he had not been employed since beginning his probation. After determining that the Defendant had violated the conditions of his probation, the court revoked the Defendant's probation and ordered him to serve his sentence in confinement. This appeal followed.

The Defendant contends that the trial court erred by revoking his probation and ordering him to serve his four-year sentence in confinement. He argues that the court should have ordered split confinement. He argues that the court improperly considered the pending Hamilton County charges in revoking his probation because no final judgment had been entered. He also argues that allowing the State to present evidence of the arrest, rather than a

-4-

conviction, was unfairly disadvantageous because he was required to defend against the pending charges at the revocation hearing. The State responds that the court properly revoked the Defendant's probation and ordered his sentence into execution.

Our supreme court has concluded that a trial court's decision to revoke a defendant's probation "will not be disturbed on appeal unless . . . there has been an abuse of discretion." *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991) (citing *State v. Williamson*, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981)). An abuse of discretion has been established when the "record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); *see State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978). When a trial court finds by a preponderance of the evidence that a defendant has violated the conditions of probation, the court "shall have the right . . . to revoke the probation." T.C.A. § 40-35-311(e)(1) (2014). After revoking a defendant's probation, the trial court may return a defendant to probation with modified conditions as necessary, extend the period of probation by no more than two years, order a period of confinement, or order the defendant's sentence into execution as originally entered. T.C.A. §§ 40-35-308(a), (c), -310 (2014). "In probation revocation hearings, the credibility of witnesses is for the determination of the trial judge." *Carver v. State*, 570 S.W.2d 872, 875 (Tenn. Crim. App. 1978) (citing *Bledsoe v. State*, 378 S.W.2d 811, 814 (Tenn. 1965)).

The record reflects that the probation violation report and the warrant alleged that the Defendant had violated multiple conditions of his probation. Relevant to the trial court's findings, the Defendant was alleged to have violated his release by "possessing narcotic drugs or marijuana" and by failing to obtain gainful employment. At the revocation hearing, the Defendant testified that the marijuana found inside the car at the time of his Hamilton County arrest belonged to him. His possession of the marijuana violated the conditions of his probation. We note that defense counsel conceded at the revocation hearing that "it [was] a situation where [the Defendant] has been in violation of his probation. [The Defendant] was in violation of his probation in August for being in possession." The drug-related charges stemming from the Hamilton County incident served as a basis for the probation revocation, and the Defendant's testimony established he was in violation of the conditions of his probation. The evidence also established that the Defendant failed previous drug screens and was discharged for cause from a drug treatment program one month before the Hamilton County arrest. Although the Defendant claims defending against the drug and firearm charges at the probation revocation hearing was unfair, the State was required to prove by a preponderance of the evidence, not beyond a reasonable doubt, that the Defendant violated the law. *See Harkins*, 811 S.W.2d at 83; s*ee also State v. Catherin Vaughn*, No. M2009-01166-CCA-R3-CD, 2010 WL 2432008, at *3 (Tenn. Crim. App. June 14, 2010); *State v. Andrew B. Edwards*, No. W1999-01095-CCA-R3-CD, 2000 WL 705309, at *3

(Tenn. Crim. App. May 26, 2000).  The State satisfied its burden by showing the Defendant was in possession of marijuana.

We conclude that the record supports the trial court's finding that the Defendant violated the conditions of his probation and that the court did not abuse its discretion by revoking the Defendant's probation. *See* T.C.A. § 40-35-311(e)(1).  Once the court revoked the Defendant's probation, it had the authority to order the Defendant to serve his sentence in confinement. *See* T.C.A. §§ 40-35-308(a), (c), -310.  The Defendant is not entitled to relief.

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
ROBERT H. MONTGOMERY, JR., JUDGE