IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 26, 2017 at Knoxville

**STATE OF TENNESSEE v. RUDY VINCENT DUNN**

**Appeal from the Circuit Court for Marshall County**
**No. 2013-CR-101    Forrest A. Durard, Judge**

───────────────────────

**No. M2016-01935-CCA-R3-CD – Filed May 24, 2017**

───────────────────────

The Defendant, Rudy Vincent Dunn, appeals from the Marshall County Circuit Court's revocation of his probation for his conviction for felony drug possession and order that he serve the remainder of his one-year, three-month sentence in confinement. The Defendant contends that the trial court abused its discretion by ordering him to serve his sentence. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT L. HOLLOWAY, JR., JJ., joined.

Donna Orr Hargrove, District Public Defender, and Michael J. Collins, Assistant Public Defender, for the appellant, Rudy Vincent Dunn.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; Robert J. Carter, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On July 24, 2013, the Defendant was indicted for possession of marijuana with the intent to sell and to deliver. The Defendant pleaded guilty, and the trial court merged the offenses and sentenced the Defendant to one year, three months in confinement. On May 22, 2014, the Defendant was placed on determinate release probation, after serving thirty percent of his sentence. *See* T.C.A. § 40-35-501(a)(3) (2014).

On February 19, 2015, a probation violation report was filed with the trial court, alleging that the Defendant had failed to pay court costs and fines and had failed to complete

all of his court-ordered public service work. An arrest warrant was issued on February 19, 2015. An amended probation violation report was filed with the trial court on July 8, 2015, alleging that the Defendant had pleaded guilty to misdemeanor drug possession in Davidson County. At the July 8, 2015 probation revocation hearing, the Defendant admitted he had violated the terms of his probation by failing to pay court costs and by failing to complete his public service work. The court extended the Defendant's probation for one year and required the Defendant to perform thirty-two additional hours of public service.

Another probation violation report was filed with the trial court on May 23, 2016, alleging that the Defendant tested positive for marijuana on May 18, 2016, and that a laboratory analysis confirmed the presence of marijuana in the Defendant's system on May 20, 2016. An arrest warrant was issued on May 25, 2016. This probation violation allegation is the subject of the present appeal.

At the July 20, 2016 revocation hearing, the Defendant pleaded guilty to violating the conditions of his probation and requested a hearing for the trial court to determine the disposition of the probation violation. The Defendant testified that he tested positive for marijuana and that he used marijuana because he became scared he had cancer. He said that he noticed blood in his stool, that the amount increased, and that he began to think he had colon cancer. He said that he researched his symptoms and found his symptoms were consistent with colon cancer and that he had a strong family history of cancer. The Defendant recalled that on one occasion he collapsed, was taken to the emergency room, and underwent a colonoscopy. He said that he did not have cancer but that eight or nine polyps were removed. The Defendant stated that he was wrong to use marijuana, that he was not thinking properly, and that he did not consider his probation and employment. He requested leniency.

On cross-examination, the Defendant testified that at age seventeen he was convicted of possession of heroin, that the drugs were not his, and that he did not serve any time in confinement. He said relative to the original charge in this case that he admitted to the arresting officers that he possessed marijuana and that he was going to sell it before his arrest. He agreed that he admitted during the presentence investigation that he used marijuana after he pleaded guilty but before the sentencing hearing. He said he served about four or five months in confinement before being released on probation.

The Defendant testified that his marijuana use at the time he thought he had cancer was not to self-medicate, that he used it only once because he was on probation, and that he was not in the "right frame of mind." He said he received a letter from his doctor two weeks before the revocation hearing requesting that the Defendant contact his doctor if his health or

family history changed. He said he understood that as a condition of his probation, he was not permitted to use marijuana.

Upon examination by the trial court, the Defendant testified that on May 26, 2015, he was convicted of misdemeanor drug possession and that the offense occurred while he was on probation. He said that during "that time" he received a letter from his probation officer stating that his probation had ended but that he did not know his probation continued until he received confirmation from the court stating he had been discharged from probation. He said that had he known he was still on probation, he would have never "participated in anything." The Defendant agreed, though, that his smoking marijuana immediately after receiving the letter from the probation officer indicated he did not learn anything from the "privilege of receiving probation."

The trial court stated that the court file showed that "there was some discharge of probation" and recalled "weird stuff" in this case around May 2015. The court explained that the Defendant was in the Davidson County Jail and that the judge released the Defendant on his own recognizance relative to the violation of probation warrant. The court stated that the file contained an order of discharge from probation, although it had not been signed by a judge. Although the prosecutor stated that the order was "stopped" when it was determined the Defendant had not completed the payment of costs and the community service requirement, the prosecutor and the court agreed the dates referenced in the order did not make sense. The parties agreed that the Defendant was still on probation at the time of the revocation hearing.

The trial court determined that the Defendant had violated the conditions of his probation. The court found that regardless of whether or not the Defendant thought he was on probation when he smoked marijuana, he smoked marijuana again, which was illegal. The court found that the Defendant knew smoking marijuana was unlawful. The court discredited the Defendant's testimony regarding his colon cancer symptoms and stated it was "not buying into it." The court noted that the Defendant's court costs and community service were completed but found that the Defendant had smoked marijuana again in violation of the law. The court found that the Defendant was going to smoke marijuana regardless of the circumstances and that the Defendant had exercised poor judgment. The court noted the previous probation violation and stated that the Defendant should have been ordered to serve his sentence in confinement at that time. The court ordered the Defendant to serve the remainder of his sentence. This appeal followed.

The Defendant contends that the trial court erred by ordering him to serve the remainder of his sentence in confinement. He argues that the court should have ordered split confinement and drug treatment. The State responds that the court did not abuse its

discretion by revoking the Defendant's probation and ordering him to serve his sentence in confinement. We agree with the State.

Our supreme court has concluded that a trial court's decision to revoke a defendant's probation "will not be disturbed on appeal unless . . . there has been an abuse of discretion." *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991) (citing *State v. Williamson*, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981)). An abuse of discretion has been established when the "record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); *see State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978). Revocation proceedings relative to determinate release are conducted in the same manner as probation revocation proceedings. T.C.A. § 40-35-501(a)(7)(A). When a trial court finds by a preponderance of the evidence that a defendant has violated the conditions of probation, the court "shall have the right . . . to revoke the probation." *Id*. §§ 40-35-501(a)(7)(A), -311(e)(1) (2014). After revoking a defendant's probation, the trial court may return a defendant to probation with modified conditions as necessary, order a period of confinement, or order the defendant's sentence into execution as originally entered. *Id*. §§ 40-35-501(a)(7)(A), -308(a), (c), -310 (2014). "In probation revocation hearings, the credibility of witnesses is for the determination of the trial judge." *Carver v. State*, 570 S.W.2d 872, 875 (Tenn. Crim. App. 1978) (citing *Bledsoe v. State*, 378 S.W.2d 811, 814 (Tenn. 1965)).

The record reflects that the Defendant pleaded guilty to the probation violation and admitted smoking marijuana while serving his sentence on probation. The Defendant had also violated the conditions of his probation previously by committing a new drug offense in Davidson County and by failing to complete the required community service hours, but the Defendant was permitted to remain on probation. After the Defendant's probation was extended one year, he obtained marijuana, used it, and failed a drug screen. The Defendant admitted at the revocation hearing that he used marijuana, although he knew smoking marijuana was unlawful and a violation of his conditions of release.

The Defendant pleaded guilty to violating the conditions of his probation. Therefore, we conclude that the record supports the trial court's finding that the Defendant violated the conditions of his probation and that the court did not abuse its discretion by revoking the Defendant's probation. *See* T.C.A. § 40-35-311(e)(1). Once the court revoked the Defendant's probation, it had the authority to order the Defendant to serve his sentence in confinement. *See id.* §§ 40-35-501(a)(7)(A), -308(a), (c), -310. The Defendant is not entitled to relief.

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____

ROBERT H. MONTGOMERY, JR., JUDGE