IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 24, 2018

## STATE OF TENNESSEE v. LARRY EUGENE HAYNES

**Appeal from the Circuit Court for Sevier County**
**No. 2014-CR-19723    Rex Henry Ogle, Judge**

_____

**No. E2017-01849-CCA-R3-CD**

_____

The Defendant, Larry Eugene Haynes, appeals the Sevier County Circuit Court's order revoking his probation for his forgery and misdemeanor theft convictions and ordering him to serve the remainder of his effective six-year sentence in confinement. The Defendant contends that the trial court abused its discretion by ordering his sentence into execution. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and TIMOTHY L. EASTER, JJ., joined.

Edward Cantrell Miller, District Public Defender, and Aaron M. Kimsey, Assistant District Public Defender, for the appellant, Larry Eugene Haynes.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; James B. Dunn, District Attorney General; and Timothy C. Norris, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On June 25, 2015, the Defendant pleaded guilty to forgery and misdemeanor theft. Pursuant to the plea agreement, the Defendant received six years as a Range I, standard offender, with 210 days to serve in confinement and the remainder to be served on probation. The Defendant was ordered to pay $14,000 restitution, to undergo and follow the recommendations of an alcohol and drug assessment, and to pay court costs. On February 11, 2016, a probation violation report was filed, alleging that the Defendant had been arrested in another county, had pleaded guilty to criminal trespass, and had absconded from supervision. The report also alleged that the Defendant failed to report the arrest to his probation officer, failed to provide an accurate address, failed to make himself available for

searches, tested positive for oxycodone on November 30, 2015, admitted consuming "Roxie," failed to provide verification of completing the drug and alcohol assessment, and failed to make payments toward court costs and supervision fees. On July 19, 2016, the trial court revoked the Defendant's probation based upon his absconding from supervision. The court sentenced the Defendant to time served, extended the period of probation by one year, and returned the Defendant to supervision.

On April 4, 2017, a probation violation report was filed, alleging that the Defendant had been charged in another county with three counts of failure to appear, had failed to provide employment verification since his release from confinement, had moved to a new residence without permission, had failed to provide his probation officer with an accurate address, had failed to report to his probation officer since "his transfer to Hamblen County was denied," had failed to make himself available for searches, had tested positive for morphine on November 2, 2016, had admitted consuming morphine because of stomach pain, had tested positive for "[o]xycodone and [o]piates" on November 30, 2016, had failed to make himself available for drug screens since November 2016, had failed to make payments toward supervision fees, court costs, and restitution, and had failed to provide verification of completing the drug and alcohol assessment. On April 4, 2017, a probation violation warrant was issued, and the Defendant was arrested on June 11, 2017.

At the revocation hearing, probation officer Keith Vincent testified that on March 27, 2016, the Defendant was charged in Jefferson County with three counts of failure to appear. Mr. Vincent said that the Defendant had not provided employment verification since beginning probation, had moved without permission, had not provided a valid address, had failed to report to his probation officer, and had failed to make himself available for searches. Mr. Vincent stated that the Defendant tested positive for morphine at the November 2, 2016 intake meeting and that the November 7, 2016 laboratory analysis confirmed the presence of morphine and oxymorphone. Mr. Vincent said that the Defendant admitted taking "it" to relieve stomach pain. Mr. Vincent stated that on November 30, 2016, a drug screen was administered by Hamblen County officers and that the Defendant tested positive for "[o]xycodone and opiates." Mr. Vincent said that the Defendant had not made himself available for drug screens since November 2016. Mr. Vincent said that the Defendant had failed to make any payments toward supervision fees, had failed to provide verification of payments toward restitution and court costs, and had failed to provide verification that he completed the drug and alcohol assessment.

The trial court interjected and asked the Defendant if Mr. Vincent's testimony was true, and the Defendant responded, "Yes, Your Honor."

On cross-examination, Mr. Vincent did not recall whether he asked the Defendant if he had a valid prescription for morphine but said that the Defendant did not mention having a

prescription on the admission form. The admission form is not included in the record. Mr. Vincent said that he requested information from Hamblen County about the drug screens and that he could not verify the laboratory results of the screens or what the Defendant may have admitted.

The trial court interjected stating, "[The Defendant] just admitted to it." Defense counsel stated that the Defendant admitted Hamblen County officers administered a drug screen that was "ostensibly hot for opiates" but that nobody could establish whether the test was properly conducted. Mr. Vincent agreed that the Hamblen County officers did not forward to him information related to the drug screens administered there.

Mr. Vincent testified that he did not know the disposition of the failure to appear charges in Jefferson County and that although he had requested information about those charges, he had not received it.

The Defendant testified that the failure to appear charges were related to child support for his five children, that he was unable to care for them, and that the children were removed from his care in 2010. He said that he missed his court appearances because his wife told him the wrong dates and that his wife "wanted to leave" him.

Upon questioning by the trial court, the Defendant testified that the child support court did not place in him jail for failure to appear and that he was paying child support arrearages in Jefferson County. The court asked if the Defendant obtained a prescription for morphine, and the Defendant replied, "Yeah." The court stated for the record that the Defendant shook his head no. The court asked if the Defendant obtained a prescription for oxycodone, and the Defendant replied that he took oxycodone for stomach pain. The court stated for the record that the Defendant shook his head no. The court stated, "Okay. He admitted [he] took morphine."

The trial court determined, based upon the Defendant's testimony and admissions, that the Defendant willfully violated "the orders of the court" by taking illegal drugs on several occasions. As a result, the court revoked the Defendant's probation and ordered his sentence into execution. This appeal followed.

The Defendant contends that the trial court erred by ordering him to serve the remainder of his sentence in confinement. He argues, "As a matter of public policy, legislative purpose, and legislative intent, non-violent offenders need not be placed into custody in the form of jail or prison," and contends the court should have imposed an alternative to confinement. The State responds that the trial court properly revoked the Defendant's probation and ordered his sentence into execution. We agree with the State.

Our supreme court has concluded that a trial court's decision to revoke a defendant's probation "will not be disturbed on appeal unless . . . there has been an abuse of discretion." *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991) (citing *State v. Williamson*, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981)). An abuse of discretion has been established when the "record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); *see State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978). When a trial court finds by a preponderance of the evidence that a defendant has violated the conditions of probation, the court "shall have the right . . . to revoke the probation." T.C.A. § 40-35-311(e)(1) (2014). After revoking a defendant's probation, the trial court may return a defendant to probation with modified conditions as necessary, extend the period of probation by no more than two years, order a period of confinement, or order the defendant's sentence into execution as originally entered. T.C.A. §§ 40-35-308(a), (c), -310 (2014). "In probation revocation hearings, the credibility of witnesses is for the determination of the trial judge." *Carver v. State*, 570 S.W.2d 872, 875 (Tenn. Crim. App. 1978) (citing *Bledsoe v. State*, 378 S.W.2d 811, 814 (Tenn. 1965)).

The record reflects that the probation violation report and warrant alleged that the Defendant had violated multiple conditions of his probation. However, the trial court relied solely upon the proof that the Defendant had consumed illegal substances while on probation. Mr. Vincent testified, in relevant part, that the Defendant tested positive for morphine at the November 2, 2016 intake meeting and that the laboratory analysis confirmed the presence of morphine and oxymorphone. Mr. Vincent stated that the Defendant admitted taking the medication to relieve stomach pain but did not mention having a valid prescription. Mr. Vincent also stated that on November 30, 2016, a drug screen was administered by Hamblen County officers and that the Defendant tested positive for oxycodone and opiates. The trial court asked the Defendant if Mr. Vincent's testimony was true, and the Defendant confirmed the testimony was accurate. During his testimony, the Defendant shook his head no when the court asked if the Defendant had obtained prescriptions for morphine and oxycodone.

The Defendant admitted that he had consumed morphine and oxycodone, and the trial court credited the evidence that the Defendant did not have valid prescriptions. We conclude that the record supports the trial court's finding that the Defendant violated the conditions of his probation by consuming controlled substances.

Because the record supports the trial court's findings that the Defendant violated the conditions of his probation, we conclude that the court did not abuse its discretion by revoking the Defendant's probation. *See* T.C.A. § 40-35-311(e)(1). Once the court revoked

the Defendant's probation, it had the authority to order the Defendant to serve his sentence in confinement. *See id*. §§ 40-35-308(a), (c), -310. The Defendant is not entitled to relief.

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
ROBERT H. MONTGOMERY, JR., JUDGE