FILED
05/07/2020
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 20, 2019

**STATE OF TENNESSEE v. RICHARD L. JERGER, JR.**

**Appeal from the Criminal Court for Bradley County**
**No. 16CR176D    Sandra Donaghy, Judge**

———————————————————

**No. E2019-00439-CCA-R3-CD**

———————————————————

Defendant, Richard L. Jerger, Jr., appeals the order of the Bradley County Criminal Court revoking his probation and ordering him to serve the remainder of his six-year sentence in confinement. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JJ., joined.

C. Richard Hughes, Jr., District Public Defender; Donald Leon Shahan, Jr., Assistant Public Defender, Cleveland, Tennessee, for the appellant, Richard L. Jerger, Jr.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; Stephen Davis Crump, District Attorney General; and Dallas Scott, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On July 13, 2018, Defendant pleaded guilty to the charges of accessory after the fact, criminal conspiracy, and tampering with evidence, and Defendant was sentenced to serve six years to be suspended on probation. On January 28, 2019, a probation violation warrant was issued, alleging that Defendant failed to report on January 4, 2019, and that home visits were attempted on January 11 and 12, 2019, and Defendant's residence appeared to be vacant.

At the revocation hearing, Defendant pleaded guilty to violating the conditions of his probation by failing to report as directed on January 4, 2019, and by failing to notify his probation officer that he had changed residences. Defendant testified that he had been

evicted from his previous residence because he "was switching jobs." He reported to his probation officer on January 28, 2019, and he was arrested on January 29, 2019. At the time of the hearing, Defendant was living at the Mountain View Inn with his father, who Defendant testified was "in ICU, bedridden[.]" Defendant was employed by M&M Construction as a roofer. Defendant testified that he understood that it was his responsibility to keep in contact with probation [and] not their responsibility to find [him]." He testified that he had "a more stable life," meaning he owned a cell phone, was employed, had a residence, and had a means of transportation.

On cross-examination, Defendant acknowledged that the trial court had informed him that the conditions of probation would be "very strict." Defendant admitted that he missed his probation appointment on January 4, 2019, but he testified, "I thought as long as I came in within the month, I was okay." He testified that he "just forgot about the 4th." He testified that he called the probation office on January 11, 2019, and left a message with his new contact information. Defendant testified that he "had been reporting at the end of the month." He testified, "I didn't realize that it was gonna be this big of an incident."

Defendant introduced into evidence a registration document from the Mountain View Inn. This document has three names listed as guests: Scotty Bass, Crystal Jerger, and Defendant. The only guest signature is Scotty Bass. Although there are several places at the bottom of the document for pertinent information to be filled in, they are all blank. Noteworthy are blank spaces designated for check-in date, room number, method of payment, initial by guest agreeing to terms and conditions of occupancy, room rates, and a signature for a member of the Mountain View Inn's staff person.

Beverly Cameron, a probation officer for the Tennessee Department of Correction Probation and Parole, testified that Defendant's case notes indicated that probation officers had gone to the Mountain View Inn and Defendant's last known address and tried to contact Defendant by phone. Ms. Cameron did not find any notes about phone messages from Defendant. On cross-examination, Ms. Cameron testified that a probation officer went to the Mountain View Inn on January 17, 2019, and the front desk told the officer that there was no one registered under Defendant's name. She testified, "somehow they knew to look" for Defendant at the Mountain View Inn, but "there was nothing [in Defendant's file] prior to that to indicate why[.]"

At the conclusion of the hearing, the trial court questioned Defendant's credibility, noting that "the Mountain View Inn is a hotel, and that is not long[-]term stable housing." The trial court concluded that the exhibit had no reliable information. The court also noted that there were no dates on the registration and stated "I don't know if this is one day old, or one year old." The trial court further noted that Defendant testified he lived

with his father, who was "in ICU and bedridden." The trial court stated, "They don't have intensive care at a hotel, and so that causes me to question your credibility." The trial court concluded:

> This Court has got to hold you accountable. And if I – if I believe what you tell me, your [p]robation [o]fficer has failed you greatly, because that person sent you the message that it was okay to report any time during the month. You didn't have to report at specific times. And as long as you called someone it was okay to move, and that when you got around to it, you'd be allowed to report their address.
>
> For someone who was involved in the things that you were, and you knew I was going to be holding your feet to the fire in terms of probation, you should have known that one little violation would be enough for me to revoke.
>
> [Defendant], you have always been respectful to this Court. You're a likeable man, but you have not followed the rules of probation, and I'm not cutting you any slack.
>
> So I'm sorry, [Defendant], I'm calling – I find that you violated the terms and conditions based upon your plea, and after this sentencing hearing, I find that your sentence should be called into execution.

## *Analysis*

On appeal, Defendant acknowledges that he violated the conditions of his probation, and he concedes "that he is not entitled as a matter of right to a second grant of probation or any other form of alternative sentencing." He asserts that the trial court "treat[ed him] in an inequitable manner[,]" and that his case "falls into the legal grey area of whether the trial court abused its discretion" by not reinstating his probation. The State asserts that the trial court did not abuse its discretion in revoking Defendant's probation and ordering Defendant to serve the remainder of his sentence in confinement.

Our supreme court has concluded that a trial court's decision to revoke a defendant's probation "will not be disturbed on appeal unless . . . there has been an abuse of discretion." *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991) (citing *State v. Williamson*, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981)). An abuse of discretion has been established when the "record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred."

*State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); *see State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978).

When a trial court finds by a preponderance of the evidence that a defendant has violated the conditions of probation, the court "shall have the right . . . to revoke the probation." T.C.A. § 40-35-311(e)(1) (2019). After revoking a defendant's probation, the trial court may return a defendant to probation with modified conditions as necessary, extend the period of probation by no more than two years, order a period of confinement, or order the defendant's sentence into execution as originally entered. T.C.A. §§ 40-35-308(a), (c) (2019), -310 (2019). "In probation revocation hearings, the credibility of witnesses is for the determination of the trial judge." *Carver v. State*, 570 S.W.2d 872, 875 (Tenn. Crim. App. 1978) (citing *Bledsoe v. State*, 215 Tenn. 553, 378 S.W.2d 811, 814 (Tenn. 1965)).

The record reflects that Defendant admitted he violated the conditions of his probation by failing to report as directed and failing to notify his probation officer of his change of address. As a result, the record supports the trial court's finding that Defendant violated the conditions of his probation.

Because we have concluded that the record supports the trial court's finding that Defendant violated the conditions of his probation, we likewise conclude that the court did not abuse its discretion by revoking Defendant's probation. *See* T.C.A. § 40-35-311(e)(1). Once the court revoked Defendant's probation, it had the authority to order Defendant to serve the remainder of his sentence in confinement. *See id*. §§ 40-35-308(a), (c), -310. Defendant is not entitled to relief.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE

- 4 -